**C. V. COLLINS, Administrator of the Estate of Chester E. Duff, Deceased, Appellant,**

v.

**Ira J. DUFF, H. P. Duff, Zach T. Duff and Dorse Duff, Appellees.**

**Ira J. DUFF, Zach T. Duff, Dr. H. P. Duff, Appellants,**

v.

**Charles V. COLLINS, Administrator of the Estate of Chester E. Duff, Deceased, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1955.

Weldon Shouse, Lexington, for C. V. Collins.

Sam M. Ward, Don Ward, Hazard, for I. J. Duff and others.

CULLEN, Commissioner.

We have two appeals; one from the Fayette Circuit Court and the other from the Perry Circuit Court. They involve different phases of a controversy over administration of the estate of Chester E. Duff, deceased. The basis of the controversy is a dispute as to whether the deceased was a resident of Fayette County or of Perry County.

The judgment of the Fayette Circuit Court dismissed an appeal, taken by three brothers of the deceased, from an order of the Fayette County Court which had appointed Charles V. Collins, public administrator for Fayette County, as administrator of the estate. The three brothers are appealing from that judgment.

The judgment of the Perry Circuit Court was entered in an action in which Ira J. Duff (one of the three brothers of the deceased), suing in the capacity of administrator of the estate under a prior appointment by the Perry County Court, sought to enjoin Collins from attempting to act as administrator under his Fayette County appointment. The judgment granted the injunction, and Collins is appealing from that judgment.

Chester E. Duff died in November 1953, intestate, leaving surviving him as his heirs at law three brothers, Ira J. Duff, Dr. H. P. Duff, and Zach T. Duff, and a nephew, Dorse Duff, adopted son of a deceased brother. On December 7, 1953, the four heirs filed a joint application with the Perry County Court for the appointment of Ira J. Duff as administrator. The appointment was made and Ira J. Duff qualified as administrator and assumed charge of the estate.

Subsequently, in May 1954, Dorse Duff (the nephew) filed an application in the Fayette County Court for appointment of an administrator of the estate. His three uncles appeared and resisted the appointment, taking the position that there should be no appointment in Fayette County, but if an appointment be made there, Ira Duff should be the one appointed. The Fayette County Court refused to appoint any of the heirs, but appointed Charles V. Collins, public administrator, as administrator of the estate. Thereafter, Dorse Duff joined with his uncles in a motion asking the Fayette County Court to rescind the order appointing Collins, and to appoint Ira Duff. The court overruled this motion, and the heirs appealed to the Fayette Circuit Court. They executed a supersedeas bond in the amount of $4,000. Collins then moved for an increase in the bond. The Fayette Circuit Court ordered that the bond be increased to $120,000, and granted a period of one week in which to comply with the order. The increased bond was not filed within the time allowed, and the Fayette Circuit Court thereupon dismissed the appeal from the county court. Ira Duff and his two brothers, on their appeal here from the judgment of dismissal, assert that it was error to require the increased bond, and that in any event the time allowed to give the bond was too short.

Before undertaking to answer the questions raised on the Fayette County appeal, we think it best to state the circumstances in connection with the Perry County appeal.

After the appeal from the Fayette County Court to the Fayette Circuit Court had been ordered dismissed, Ira Duff, suing in his capacity as administrator under his Perry County appointment, brought action in the Perry Circuit Court to enjoin Collins from attempting to act as administrator under his Fayette County appointment. A restraining order was issued. Collins moved to dissolve the restraining order, and Ira Duff countered with a motion for a temporary injunction. A hearing was held, at which evidence was heard, and the court thereupon issued a temporary injunction. In its order the court made a finding that the decedent was a

resident of Perry County, and that the appointment of Ira Duff by the Perry County Court was valid, whereas the appointment of Collins by the Fayette County Court was void. Collins then moved for a summary judgment dismissing the complaint. The court overruled this motion and entered judgment granting a permanent injunction against Collins.

On his appeal here from the Perry County judgment, Collins' main argument is that the question of the place of residence of the decedent was first placed in issue, and litigated, in the Fayette County Court; and therefore the judgment of that court, based upon its finding of fact that the decedent was a resident of Fayette County, is conclusive of the question of jurisdiction as between the two counties.

As we view the case, the controlling question as affects both appeals is whether or not the order of the Perry County Court, appointing Ira Duff as administrator, may be considered as embodying a finding of the jurisdictional fact of residence of the decedent to such an extent as to make the order binding and not subject to collateral attack.

■ We approach the question with a recognition of the proposition that where the jurisdiction of a court depends upon a fact which the court is required to ascertain, the court has jurisdiction to determine that jurisdictional fact, and its judgment determining that fact is conclusive on the question of jurisdiction until set aside or reversed by direct proceedings, and cannot be attacked collaterally. 21 C.J.S., Courts, § 115, p. 177; Strother v. Day, Ky., 279 S.W.2d 785.

■ A related proposition is that where a court has general jurisdiction of the subject matter, a lack of jurisdiction of the particular case, as dependent upon the existence of particular facts, may be waived. 21 C.J.S., Courts, § 109, p. 166.

■ We think it is clear that all county courts in Kentucky have jurisdiction of the general subject of appointment of administrators of decedents' estates, but the jurisdiction of a particular county court to appoint an administrator for a particular estate depends upon the fact of residence of the decedent within the county. KRS 395.030, 394.140.

Recognizing that a county court has jurisdiction to determine the jurisdictional fact of residence of the decedent, our specific question is whether that determination is binding only where an issue has been raised and evidence heard, or whether it may be binding where it is based upon representation to the court, by all interested parties, that the fact exists.

In Miller v. Swan, 91 Ky. 36, 14 S.W. 964, 965, a will was admitted to probate in Hardin County, on application of the sole devisee. Subsequently, a creditor of the decedent caused the will to be probated in Jefferson County. The question of validity of the Jefferson County judgment of probate was involved in a suit in the circuit court of that county, in which all interested parties were joined. On conflicting evidence, the circuit court found that the decedent was a resident of Jefferson County, and upheld the probate in that county. In affirming that judgment, this court said: "If the question [of residence] had been raised in the Hardin county court on the probate between parties who had the right to resist it on the ground that the testatrix resided in Jefferson county, then there might be some reason for holding the judgment final; but there is no such plea in this case."

The situation in the case before us differs from that in the Miller case because here the nephew who filed the application for administration in Fayette County, asserting that the decedent was a resident of that county, previously had joined in the application for appointment of an administrator by the Perry County Court, and thereby had represented to the court that the decedent was a, resident of Perry County. As far as this record is concerned, all the persons who could have raised the issue of jurisdiction in the Perry County Court committed themselves

to the fact that the decedent was a resident of Perry County.

■ A holding that the nephew, Dorse Duff, after having represented to the Perry County Court that the decedent was a resident of Perry County, could not collaterally attack the jurisdiction of the Perry County Court, would not violate the fundamental rule that jurisdiction cannot be conferred upon a court by waiver or estoppel. Here the jurisdiction exists by virtue of the determination of a jurisdictional fact, and the bar against collateral attack rests upon the proposition that Dorse Duff has waived the right to question that fact, or is estopped to deny the existence of the fact.

■ It is our opinion that, as between the four heirs of Chester E. Duff, the order of the Perry County Court appointing Ira Duff as administrator was binding and not subject to collateral attack. The proceeding instituted by Dorse Duff in Fayette County constituted a collateral attack, and the order of the Fayette County Court cannot stand. Accordingly, the judgment of the Perry Circuit Court, enjoining the Fayette County administrator from acting, was correct.

■ Collins raises some procedural objections to the judgment of the Perry Circuit Court. He maintains that, since the Duffs, as plaintiffs, did not themselves move for a summary judgment, but merely opposed his motion for such judgment, the court could not enter summary judgment for the plaintiffs. We do not agree. It is our opinion that in this kind of situation, where overruling the defendant's motion for summary judgment necessarily would require a determination that the plaintiffs were entitled to the relief asked, a motion for summary judgment by the plaintiffs would have been a useless formality. See Hennessey v. Federal Security Administrator, D.C., 88 F.Supp. 664; Hooker v. New York Life Ins. Co., D.C., 66 F.Supp. 313; 3 Moore's Federal Practice, 1st Ed., sec. 56.02, p. 3183.

■ Collins also contends that, in passing on the motion for summary judgment, the court was not entitled to consider the evidence that was heard on the previous motion of the defendant to dissolve the restraining order. We think that on a motion for summary judgment the court is entitled to consider any evidentiary matter that has been presented to the court at any stage of the proceedings in the case. See CR 56.03. Furthermore, we think the court properly could have entered judgment on the pleadings, without considering any evidence, because the validity of the order of the Perry County Court did not depend upon a separate finding by the Perry Circuit Court that the decedent was in fact a resident of Perry County.

Our decision affirming the judgment of the Perry Circuit Court, on the basis that the order of the Perry County Court appointing Ira Duff as administrator was valid and binding, obviously has the effect of rendering moot the issues raised on the appeal from the judgment of the Fayette Circuit Court. However, we think it necessary to make some disposition of the Fayette appeal in order to determine liability for costs.

Since the proceedings in Fayette County were in effect a nullity, the judgment of the Fayette Circuit Court has no foundation upon which to stand. Accordingly, that judgment should be reversed.

The judgment of the Perry Circuit Court is affirmed. The judgment of the Fayette Circuit Court is reversed.