**Ralph HAY, Appellant,**

v.

**Robert HAYES and Viola Hayes, Appellees.**

Court of Appeals of Kentucky.

March 24, 1978.

Sandra D. Freeburger, King, Deep & Branaman, Sebree, for appellant.

Aubrey R. Mooney, Providence, for appellees.

Before GANT, COOPER and PARK, JJ.

GANT, Judge.

Appellant was the owner of a 28-acre tract of land in Webster County, Kentucky, subject to a life estate in his father. Some six years after acquisition, appellant was in default on a $2,500 mortgage on this property and his father, on his death bed, exacted a promise from appellee, Viola Hayes, a cousin, that she would try to keep this property "in the family." After the death of the father, Viola went to her son, the other appellee, who borrowed $2,500 on his truck and paid off the mortgage, the appellant conveying the aforesaid property in fee simple to the appellees. Almost four years later, appellant brought this action against the appellees seeking to have this transaction construed as either a mortgage or a constructive trust with breach of fiduciary relationship. The appellant also alleged a settlement agreement by the appellees' attorney.

Appellant then proceeded to take the deposition of appellees, who, in essence, admitted an oral agreement after the execution of the deed that if the appellant would pay them all sums which had been paid by appellees on the payoff of the mortgage, together with interest on their own loan, taxes, insurance, and all other costs, within two years of the date of the deed, they would reconvey the property to the appellant. Appellees further established by their deposition that no payment of any kind had been made for almost four years, that appellees had collected some oil royalties from the property, that the land had been farmed by a tenant who was already farming the property at the time of the deed and who had divided the proceeds with the appellant, appellant failing to turn the money over to the appellees. Without any further proof on behalf of the appellant, either by himself, the attorney who prepared the deed, or any other witnesses, either by deposition or affidavit, the appellant moved for a summary judgment on the theory that the admission by the appellees of the oral agreement aforesaid entitled him to recover on his theory of the case as a matter of law. Appellees did not move for a summary judgment. After briefs were filed in the lower court, that court denied the motion for appellant and entered summary judgment for the appellees on its own motion.

Appellant submits that this summary judgment was premature and entered without ten days notice to the appellant as required by CR 56.03. Appellant admits the right of the court to enter such judg-

ment on its own motion but argues that reasonable notice should be given. The rules themselves provide for no particular notice in such instances.

The case in this jurisdiction which is closest in point is the case of *Collins v. Duff*, Ky., 283 S.W.2d 179, 183 (1955). In that case the court said:

> It is our opinion that in this kind of situation, where overruling the defendant's motion for summary judgment *necessarily would require a determination that the plaintiffs were entitled to the relief asked*, a motion for summary judgment by the plaintiffs would have been a useless formality. (Emphasis added).

The key to this case is the portion italicized above and that distinguishes it from the present case. In *Collins v. Duff, id.*, the sole issue was the residence of a decedent and the jurisdiction of the court. Once this was determined, there was simply no other determination to be made. In the instant case, there were numerous issues of fact to be ascertained at the time of the motion for summary judgment. The only issue raised by this motion for summary judgment was whether the deposition of the appellees contained a judicial admission that the transaction was a mortgage.

A typical case where the motion by one party would not necessarily determine the relief asked for would be the negligence case in which contributory negligence was a defense. After the defendant has taken the depositions of the plaintiffs, he might move the court for a summary judgment to the effect that the plaintiffs were contributorily negligent as a matter of law. Determination of that issue would not "necessarily . . . require a determination that the plaintiffs were entitled to the relief asked." There would still remain the issue of primary negligence, ownership and other issues which would remain unanswered, just as in the present case.

The rule in Kentucky is set out in *Collins v. Duff, id.*, when the determination of the sole issue necessarily requires a finding for one of the parties. In those other cases in which a determination of an issue is not dispositive of the case, it is our opinion that the rule in this jurisdiction should be that which was laid out in the case of *Bowdidge v. Lehman* 252 F.2d 366, 368 (6th Cir. 1958) in which the court, referring to Federal Rule 56 C, which is the same as Kentucky CR 56.03, stated as follows:

> However, Rule 56(c) provides that a motion for summary judgment requires service "at least ten days before the time fixed for the hearing." We think the spirit of the rule requires the same notice and hearing where the court contemplates summary dismissal on its own motion. Since attorney for appellant was given neither notice nor opportunity to be heard upon the question of summary dismissal the judgment was erroneous.

Accordingly, the summary judgment herein is reversed and this case is remanded to the lower court for further proceedings consistent with this opinion.

All concur.