COMMONWEALTH of Kentucky,
Appellant,

v.

Larry C. GRIFFIN, Appellee.

No. 94–SC–476–DG.

Supreme Court of Kentucky.

March 27, 1997.

A.B. Chandler, III, Attorney General, Ian G. Sonego, Assistant Attorney General, Office of the Attorney General, Frankfort, for appellant.

Russell J. Baldani, Baldani, Rowland & Richardson, Lexington, for appellee.

Opinion of the Court by Special Justice Scott T. DICKENS.

The Commonwealth appeals a decision by the Court of Appeals granting Appellee Larry C. Griffin's petition for relief under RCr 11.42.

On February 25, 1985, the Fayette County Grand Jury returned an indictment against Appellee for first-degree assault (two counts), operating a motor vehicle under the influence of alcohol (third offense), and operating a motor vehicle with a suspended operator's license (third offense). On March 27, 1985, Appellee pled guilty to first-degree wanton endangerment and operating a motor vehicle under the influence of alcohol. On May 9, 1985, the trial court sentenced Appellee to a period of five years probation contingent upon several conditions, including payment of restitution to the victims.

In March 1989, the Commonwealth filed a motion to revoke Appellee's probation on the grounds that Appellee had failed to make restitution payments. According to the transcript of a hearing on March 17, 1989, counsel for Appellee advised the court that he had spoken with Appellee and Appellee "asked if you would do two things, please. One, not put him back in jail; and two, ... if he could recommence paying [restitution] ... we could extend his probation five years." By order dated March 22, 1989, the court granted Appellee's request and extended the period of probation an additional five years from March 17, 1989.

On May 4, 1992, the Commonwealth again filed a motion to revoke Appellee's probation for failure to pay restitution. A hearing was conducted on August 21, 1992. In a Final Judgment entered August 26, 1992, the court revoked Appellee's probation. On May 7, 1993, Appellee filed a *pro se* motion pursuant to RCr 11.42 in which he argued that the court lost jurisdiction to revoke Appellee's probation in May 1990, five years after the date of the original sentence, citing KRS 533.020 and *Curtsinger v. Commonwealth,* Ky., 549 S.W.2d 515 (1977). The court denied Appellee's motion on July 1, 1993, and he appealed.

The Court of Appeals held that the trial court was without jurisdiction to revoke Appellee's probation after the statutory five year period contained in KRS 533.020(4) expired, and therefore reversed the trial court with directions that the August 26, 1992 judgment be set aside. This Court granted discretionary review to consider whether the five year time limit on probationary periods set forth in KRS 533.020(4) constitutes a "jurisdictional" bar to the trial court's authority which cannot be waived by a defendant. For the reasons discussed below, we hold that it does not and we reverse the decision of the Court of Appeals.

Appellee's argument that the trial court lacked jurisdiction to revoke his probation is based principally on KRS 533.020(4), which provides, in relevant part:

> The period of probation ... shall be fixed by the court and at any time may be extended or shortened by duly entered court order. **Such period, with extensions thereof, shall not exceed five (5) years upon conviction of a felony ....** Upon completion of the probationary period ... the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation ... has not been revoked.

(Emphasis added). Appellee argues that the foregoing statutory provision renders the purported extension of the period of his probation invalid, and that it deprived the trial court of jurisdiction to revoke his probation in 1992, some seven years after the date on which he was originally sentenced. The Commonwealth responds that the time limit on probationary periods established by KRS 533.020(4) is a waivable bar upon the sentencing court's authority and not a divestiture of subject matter jurisdiction, and further, that the time limit was affirmatively waived by Appellee and he is therefore estopped from attacking the order extending the period of his probation.

■■■ We agree that the trial court did not lack subject matter jurisdiction to revoke Appellee's probation. Subject matter jurisdiction refers to a court's authority to determine "this *kind* of case" (as opposed to "this case"). *Duncan v. O'Nan,* Ky., 451 S.W.2d

626, 631 (1970). According to that definition, the trial court did not lose subject matter jurisdiction at the termination of five years following Appellee's original sentence. Rather, the question is whether the trial court lost another type of jurisdiction, jurisdiction *over a particular case,* at the expiration of the five year period. Jurisdiction over a particular case refers to a court's authority to determine a specific case (as opposed to the class of cases of which the court has subject matter jurisdiction). A court may retain jurisdiction over a particular case by operation of rule or statute, and also by operation of its own judgment, *provided it is not precluded by any statute from doing so.*

In the present action, the trial court (during the original period of Appellee's probation) in effect extended the period during which it retained jurisdiction over the case when it ordered Appellee's period of probation to be extended five years. The question then becomes whether the trial court was precluded by statute, *i.e.,* KRS 533.020(4), from doing so. According to the statute, the period of probation "with extensions thereof, shall not exceed five (5) years upon conviction of a felony . . . ."

In order to determine whether the statute precludes a trial court from retaining jurisdiction over a particular case beyond five years in all instances, it is helpful to consider the underlying purpose of the statute. This Court discussed that purpose in *Green v. Commonwealth,* Ky., 400 S.W.2d 206 (1966). There, the Court observed that the purpose of the five year probationary limit is to *protect* the convicted defendant from being subjected to a probationary status of indefinite duration, analogizing the uncertainty of the defendant's status to "the sword of Damocles." But for the limiting language of KRS 533.020(4), a trial court theoretically could extend the period of a defendant's probation, "off the record" or otherwise, at its discretion. As the Court of Appeals in this matter noted, the wisdom in restricting the time period in which the court can hold the "sword of Damocles" over the head of a probationer need not be argued.

However, the purpose of the statute (to protect the convicted defendant) is not served if it is interpreted to preclude a *knowing and voluntary waiver* of the five year limitation by a defendant in exchange for avoiding a revocation of his probation and imprisonment. Where, as in this case, the period of probation is extended beyond the statutory five year period at the request of the defendant in order to avoid a more severe sanction for violating the original terms of probation, a statutory interpretation which would disallow such an extension would be *contrary* to the defendant's interests rather than protective of them. In short, an interpretation that would allow an extension of a probationary period *knowingly and voluntarily requested by a defendant* is more in harmony with the underlying purpose of the statute than an interpretation that would not allow it.

This conclusion does not conflict with the principle that *subject matter* jurisdiction cannot be created by waiver or consent. As noted above, the jurisdiction at issue here is jurisdiction over a particular case. As the former Court of Appeals stated in *Collins v. Duff,* Ky., 283 S.W.2d 179 (1955):

> A related proposition is that where a court has general jurisdiction of the subject matter, a lack of jurisdiction of the particular case, as dependent upon the existence of particular facts, may be waived.

*Id.* at 182.

This conclusion also does not conflict with *Curtsinger* or *Green, supra,* both of which are relied upon by Appellee. In *Curtsinger,* the trial court unilaterally attempted to extend the period of probation beyond five years. There is no suggestion in that opinion that the defendant voluntarily sought the extension. In *Green,* the trial court had unilaterally delayed ruling on a motion for new trial for almost five years after the verdict was rendered. The former Court of Appeals held that such a delay was unreasonable and therefore ordered that the defendant be discharged from custody. 400 S.W.2d at 209. There is no suggestion in *Green* that the defendant voluntarily sought the delay.

Moving next to the issue of estoppel, we agree with the Commonwealth that

Griffin is precluded from attacking the trial court's jurisdiction to revoke his probation. Even if the trial court lacked jurisdiction of the particular case because of KRS 533.020(4), Griffin is estopped from challenging the court's exercise of that jurisdiction. Griffin voluntarily requested the five year extension of his probationary period, and he then accepted the benefits of the court's granting of the request (*i.e.,* he avoided incarceration). As the former Court of Appeals noted, "[w]here the court has jurisdiction of the subject matter, statements made for the purpose of giving the court jurisdiction, after they have been acted on, cannot be withdrawn or contradicted by the party making them for the purpose of taking away such jurisdiction." *Duncan,* 451 S.W.2d at 631 (citation omitted).

Unlike Damocles, Appellee was not forced by a tyrant king to sit beneath a sword suspended by a single hair. Rather, Appellee struck a bargain with the Commonwealth and the trial court, knowingly and voluntarily placing himself under the "sword" of an extended probation in exchange for avoiding a more severe sanction for violating the terms of his original sentence. If Appellee is to be compared to any figure of Greek mythology, perhaps it should be Icarus, who, after escaping from imprisonment with wings crafted of waxed feathers, flew too close to the sun, his wings melted, and he fell into the sea.

For the foregoing reasons, the decision of the Court of Appeals is reversed.

STEPHENS, C.J., and COOPER, GRAVES and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents with a separate opinion in which LAMBERT, J., joins. Johnstone, J., not sitting.

### DISSENTING OPINION BY JUSTICE STUMBO

Respectfully, I dissent. While this case raises novel questions of waiver and estoppel, I believe that the fundamental reasoning of *Curtsinger* remains sound. In Kentucky, "[t]he power to grant probation is not inherent in the courts but is conferred by the legislature." *Haymon v. Commonwealth,* Ky., 657 S.W.2d 239, 241 (1983) (Wintersheimer, J., dissenting). As a result, there should be strict compliance with the statutory provisions.

Under Kentucky's statutory scheme, the term of probation for a felony is clearly limited. "Such period [of probation], *with extensions thereof,* shall not exceed five (5) years...." KRS 533.020(4) (emphasis added). Although KRS 533.020(3) grants a court limited power to extend the period if the initial term is less than five years, under no circumstances should an extension continue past the unambiguous five-year maximum contained in KRS 533.020(4). Once the probationary period expires, a trial court has no discretion in the matter; the defendant "*shall* be deemed finally discharged." KRS 533.020(4) (emphasis added).

In my opinion, it matters not that a purported extension comes through an act of the defendant, the judge, or by agreement of the parties; indeed, the statute creating probation makes no such distinction. Any extension past the five-year limit contravenes legislative policy on probation, contained in the Commentary to KRS 533.040:

> If probation is to work, it will generally do so within a relatively short period of time, long before the maximum of 5 years permitted for felonies.... No purpose would seem to be served by permitting courts to pile on consecutive periods of probation and thereby extend the term to 10, or even 15, years.... 2 *Working Papers of the National Commission on Reform of Criminal Laws* 1311 (1970).

I fail to see any distinction between a probationary period that continues for more than five years due to consecutive sentencing and a probationary period that stretches past five years due to waiver, estoppel, or agreement of the parties. Both have the same effect, extending the period of probation indefinitely, despite an unambiguous statutory limit.

Although the majority in the instant case relies heavily on the noble aim of protecting the defendant's interests, it ignores the practical realities of the situation that arises when a defendant violates the terms of his probation. From this point forward, when-

ever a defendant commits a probation violation, the Commonwealth will "offer" to either extend his probation, perhaps with additional terms, or send him to prison. No defendant in his right mind, when faced with this Hobson's choice, would choose imprisonment. By allowing a defendant to waive the limit contained in KRS 533.020, we have effectively written the five-year limit out of the statute.

Citing these and other concerns, jurisdictions with similar statutory schemes have invalidated extensions of probation beyond a statutorily prescribed time limit even when granted with the defendant's consent or upon a defendant's request. *See, e.g., United States v. Rodriguez*, 682 F.2d 827 (9th Cir. 1982); *Carter v. State*, 516 So.2d 331 (Fla. Dist.Ct.App.1987); *Hoage v. State*, 479 N.E.2d 1362 (Ind.Ct.App.1985); *State v. Grimsley*, 15 Kan.App.2d 441, 808 P.2d 1387 (1991); *Kupfer v. State*, 287 Md. 540, 414 A.2d 907 (1980); *State v. Duncan*, 15 Or.App. 101, 514 P.2d 1367 (1973). Unlike those decisions, the result reached by the majority today invites much of the mischief that the statutory limit is designed to prevent. If a defendant violates the terms of a five-year probationary period, then, pursuant to the statutory scheme, the proper remedy is incarceration, not an extension. *See* KRS 533.020(3). I would affirm the judgment of the Court of Appeals.

LAMBERT, J., joins.