RENDERED: DECEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1260-MR

IJEOMA ODIGWE                                                 APPELLANT

                   APPEAL FROM DAVIESS CIRCUIT COURT
v.                HONORABLE JAMES A. WETHINGTON, JUDGE
                      ACTION NO. 20-CI-00415

LAUREN ANDRINI AND
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                   APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: Ijeoma Odigwe ("Odigwe"), an Arizona resident,[1] appeals

from two orders[2] of the Daviess Circuit Court finding it has personal jurisdiction

---

[1] Odigwe currently resides in Missouri but considers Arizona his legal residence.

[2] Odigwe appeals from the November 17, 2021 Orders of Personal Jurisdiction, Subject Matter Jurisdiction and Particular Case Jurisdiction and the September 1, 2022 Order Affirming Jurisdiction and Contempt.

over Odigwe and particular case jurisdiction to modify a Michigan child support order. After careful review, we affirm.

## BACKGROUND

Odigwe and Lauren Andrini ("Andrini") met at Notre Dame Law School in Indiana in 2017. The two had a brief relationship and Andrini became pregnant. A year later, Andrini returned to her home state of Michigan to give birth to their child. Prior to the birth, Odigwe warned Andrini in an email: "I will . . . make you hunt me down for child support. We will be in and out of court all day, every day for the next 18 years. Every possible matter that I can take to court, I will take to court." The statement proved a self-fulfilling prophecy.

In 2018, following the birth of the child, Andrini filed a paternity action in Ottawa County, Michigan. Shortly after, the Michigan court entered a Consent Judgment of Paternity ("Consent Judgment"), which established Odigwe's paternity, gave Andrini full custody of the child, and set child support and parenting time. The court determined it had jurisdiction over the parties' custody and parenting time issues under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and jurisdiction over the parties' child support issues under the Uniform Interstate Family Support Act ("UIFSA").

After Andrini graduated from law school, she and the child moved to Daviess County, Kentucky. The Michigan court entered an order granting

Andrini's request to change the child's legal residence and domicile to Kentucky, finding it "no longer ha[d] continuing exclusive jurisdiction over the child[,]" and that "[a]ny future modifications of the child-custody determination involving the minor child shall be made by an appropriate Court which obtains appropriate subject matter jurisdiction under the UCCJEA[.]" The order did not address the court's previous child support ruling, but did note that "[e]xcept as provided in this order, the prior orders of this Court remain in full force and effect."

Subsequently, Odigwe moved to register the Michigan child custody determination in Daviess County, Kentucky pursuant to KRS[3] 403.850. Attached to his petition was the entire Consent Judgment, including the child support order and worksheet. Andrini did not contest registration. Prior to the Daviess Circuit Court's ruling on the petition to register, Odigwe filed a motion to modify custody and establish a parenting time schedule.[4] Along with the motion, Odigwe tendered an order which provided, in relevant part:

> Father is awarded eight (8) hours of parenting time on each day of the second weekend of every month. . . . Father is responsible for his costs of transportation such as hotel, car rental, gas, etc. **Father will receive an appropriate credit towards his monthly child support payment for Minor Child that will be determined by this Court, or agreement of the parents**.

---

[3] Kentucky Revised Statutes.

[4] Odigwe later withdrew the motion on August 22, 2022.

(Emphasis added.)

A week later, Odigwe filed an emergency motion for summer 2020 parenting time and requested the court to "equitably divi[de] the transportation time and costs . . . ." The hearing on the motion primarily concerned where the parties would meet and who would bear the burden of transportation. At one point, Odigwe's counsel stated:

> One more arrow to the quiver of options here. [Odigwe] has a child support obligation on a monthly basis of, I believe, $150 a month which was set under Michigan law, however they do it. But I think it was done by an agreement . . . . [T]hat $150 a month, which he's paying, can be utilized towards solving this parenting time problem to some extent. Let me say that another way, if Mrs. Andrini was traveling to facilitate the visitation that would . . . cost her time and . . . money to do that. The travel also costs [Odigwe] time and money. So, if he had a portion of that child support obligation, or all of it, suspended temporarily just to deal with this, it frees up some money for him to have a resource to visit.

However, this option was not further explored or pursued. The parties eventually agreed Odigwe would travel to Owensboro on June 20-21, 2020, and cover the costs of the trip.

The Daviess Circuit Court entered an order registering the foreign custody determination on June 17, 2020. The order found the court had subject matter jurisdiction over the proceeding and personal jurisdiction over the parties.

-4-

The order did not address Odigwe's motion to modify custody and parenting time, nor did it address child support.

On August 7, 2020, Andrini filed a motion to modify child support. Odigwe moved to dismiss the motion, arguing Andrini had failed to register the child support order in Kentucky as required by the UIFSA.[5] He also argued the Daviess Circuit Court lacked personal jurisdiction over him to modify child support because none of the grounds for exercising personal jurisdiction under the UIFSA were applicable.[6] Finally, Odigwe claimed the court lacked subject matter jurisdiction[7] to modify the child support order because the requirements of KRS 407.5611 had not been satisfied.

Andrini responded that Odigwe effectively registered the child support order when he registered the Consent Judgment (with the included child support order and worksheet) and had waived jurisdictional arguments by not objecting to UIFSA jurisdiction when he filed his petition to register the Michigan

---

[5] KRS 407.5611.

[6] *See* KRS 407.5201.

[7] While Odigwe used the phrase "subject matter jurisdiction" in his motion to dismiss, his arguments actually pertain to particular case jurisdiction. "Subject matter jurisdiction refers to a court's authority to determine 'this *kind* of case' (as opposed to 'this case')." *Commonwealth v. Griffin*, 942 S.W.2d 289, 290 (Ky. 1997) (citation omitted). Particular case jurisdiction, on the other hand, "refers to a court's authority to determine a specific case (as opposed to the class of cases of which the court has subject matter jurisdiction)." *Id.* Odigwe did not argue the circuit court lacked authority to hear child support cases generally, but that it lacked authority to hear this particular case because Andrini did not meet the procedural requirements of UIFSA to invoke the circuit court's jurisdiction. Odigwe has corrected this error on appeal.

-5-

custody determination and by affirmatively seeking modification of his child support payment to reflect his travel costs for visitation in a proposed order.

A hearing on the motion to dismiss was held on September 14, 2020. The court informed the parties it had not yet read the pleadings and would therefore take the motion under advisement. When the parties appeared again to address Odigwe's motion to modify parenting time, the court deferred ruling on both motions until the November 20, 2020 final hearing, but stated it was inclined to deny Odigwe's motion to dismiss. On Odigwe's motion, the hearing was continued indefinitely.

Four months later, on March 26, 2020, Odigwe filed a petition for a writ of prohibition in the Court of Appeals, seeking to prevent Daviess Circuit Court Judge Julia Gordon ("Judge Gordon") from modifying the Michigan child support order. Ultimately, the petition was denied, and that ruling was affirmed by the Kentucky Supreme Court on appeal.[8] Also during this time, Odigwe successfully moved to have Judge Gordon recused and the case was transferred to Judge Jay Wethington ("Judge Wethington").

On November 17, 2021, following a hearing, the Daviess Circuit Court denied Odigwe's motion to dismiss, finding it had personal jurisdiction over

---

[8] *See Odigwe v. Gordon*, No. 2021-CA-0347-OA (Ky. App. Sep. 2, 2021); *Odigwe v. Wethington*, No. 2022-SC-0026-MR, 2022 WL 3640915 (Ky. Aug. 18, 2022).

Odigwe for child support purposes and subject-matter and particular case jurisdiction to modify Michigan's child support order, and that the UIFSA requirements for registering the child support order had been substantially complied with or waived. Odigwe then moved to alter, amend, or vacate and the motion was set for hearing on February 16, 2022. On the day of the hearing, Odigwe moved to disqualify Judge Wethington. He also filed a notice of unavailability for the months of February, March, and April.

The parties were next set to appear before the court on May 18, 2022. However, on the eve of the hearing, Odigwe filed a renewed motion to disqualify Judge Wethington. Odigwe's motion to alter, amend, or vacate was eventually denied on September 1, 2022. Odigwe then filed a motion to alter, amend, or vacate the September 2022 order. Following that denial, Odigwe filed this appeal.[9]

## ANALYSIS

Odigwe argues the circuit court erred when it determined (1) the Michigan support order was registered in Kentucky, (2) it had personal jurisdiction over him for child support purposes, and (3) it had particular case jurisdiction over the Michigan support order. "Jurisdiction is a question of law, and our review is *de*

---

[9] Since filing the notice of appeal, Odigwe has continued to file motions in the circuit court, including moving to disqualify a third judge, Thomas Castlen. All told, the three-year court case produced 23 volumes of record on appeal, consisting mostly of motions and exhibits filed by Odigwe. It does indeed appear that, in Odigwe's words, "[e]very possible matter that [he could] take to court, [he did] take to court."

*novo*." *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018) (citation omitted).

Turning to Odigwe's first argument, the UIFSA requires a party seeking to modify a child support order issued in another state to register that order in Kentucky. KRS 407.5609. "The requirements for registration are set out in KRS 407.5602, and include: a letter of transmittal to the court requesting registration and enforcement; two copies, one certified, of all orders to be registered, including modifications thereof; a sworn statement of the movant or the custodian of the records stating the amount of any arrearage; and identifying information of the obligor and the obligee, particularly where they live." *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767, 776 (Ky. 2015).

The circuit court determined the child support order was registered pursuant to KRS 407.5101(21) and KRS 407.5603 when Odigwe filed it alongside his petition to register the Michigan custody determination. Attached to Odigwe's petition was the entire consent judgment, including the child support order. KRS 407.5101(21) defines "register" as "to file in a tribunal of this state, a support order or judgment determining parentage of a child issued in another state or foreign country[.]" Similarly, KRS 407.5603(1) provides that "[a] support order or income-withholding order issued in another state or a foreign support order is registered when the order is filed in the registering tribunal of this state." Because

-8-

Odigwe filed the child support order along with his petition to register the child custody determination, the court ruled it had been effectively registered. The circuit court did not address the more specific provisions in KRS 407.5602 concerning registration.

Odigwe argues the child support order was never properly registered because the specific requirements for registering the order, set forth in KRS 407.5602, were not followed. He cites *Smyrichinsky*, which held that the "statutory requirements are not *optional*." 467 S.W.3d at 777. However, *Smyrichinsky* also recognized that "the rules for registering another state's order for purposes of modification, though important, can ultimately be waived. They are claim-processing rules, not substantive, jurisdictional limits on a court's authority to act." *Id.* (citation omitted). Here, we need not decide whether the Michigan child support order was properly registered because we hold Odigwe waived any objection to registration by filing the support order along with his petition to register the custody determination.

In *Smyrichinsky*, our Supreme Court held that mother's failure to timely object to father's noncompliance with KRS 407.5602's requirements for registration waived any argument concerning improper registration. Here, Odigwe filed the child support order in the Daviess Circuit Court along with his petition to register the child custody determination. While he argues he did not intend to

register the child support order, his actions certainly registered the order as defined in KRS 407.5101(21). So, while Andrini may not have followed KRS 407.5602's requirements for registration, Odigwe was the one who filed the order in Kentucky and thereby waived any later objection to registration.

Further, as in *Smyrichinsky*, "by this point in time, the statutory elements required to register a foreign decree or order can be established from various filings and proof in the record, such that there is substantial if not perfect compliance with the statute." 467 S.W.3d at 778. We would note that while this appeal has been pending, Odigwe successfully moved for modification of his child support obligation in Daviess Circuit Court, certainly bringing all of KRS 407.5602's required information before the court. Therefore, we find no error.

As to Odigwe's next argument, personal jurisdiction is a "court's authority to determine a claim affecting a specific person." *Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky. 2007) (citation omitted). "Personal jurisdiction is required for child support orders to be enforceable because such orders involve the imposition of a personal obligation to pay money." *Gibson v. Gibson*, 211 S.W.3d 601, 606 (Ky. App. 2006) (citation omitted). For child support purposes, personal jurisdiction is governed by KRS 407.5201, which provides in relevant part:

> (1) In a proceeding to establish or enforce a support order or to determine parentage of a child, a tribunal of this state may exercise personal jurisdiction over a

nonresident individual or the individual's guardian or conservator if:

(a) The individual is personally served with summons, or notice within this state;

(b) The individual submits to the jurisdiction of this state by consent in a record, by entering a general appearance, or by filing a responsive pleading having the effect of waiving any contest to personal jurisdiction;

(c) The individual resided with the child in this state;

(d) The individual resided in this state and provided prenatal expenses or support for the child;

(e) The child resides in this state as a result of the acts or directives of the individual;

(f) The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;

(g) The individual asserted parentage of a child in the putative father registry maintained in this state by the Cabinet for Health and Family Services; or

(h) There is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

KRS 407.5201(1).

The circuit court determined it had personal jurisdiction over Odigwe, an Arizona resident, pursuant to subsection (b), "[t]he individual submits to the

jurisdiction of this state . . . by filing a responsive pleading having the effect of waiving any contest to personal jurisdiction[.]" It found Odigwe waived any jurisdictional objection and subjected himself to Kentucky's jurisdiction by affirmatively requesting an abatement of his child support obligation.

The court noted that attached to Odigwe's May 2020 Motion to Modify Custody and Parenting Time was a proposed order specifically granting him credit towards his monthly child support obligation, which it interpreted as a request to modify his support obligation since he tendered the order. Then, in his June 2020 Emergency Motion for Summer 2020 Parenting Time, Odigwe sought a court order "equitably diving [sic] the transportation time and costs for parenting time." This request was clarified at the hearing on the motion when Odigwe's counsel suggested the court suspend "a portion of [Odigwe's] child support obligation, or all of it . . . temporarily[.]"

The court found that while the modification request "was not done with the formalities anticipated by UIFSA when the parties to a foreign support order seek . . . initial modification . . . . the plain meaning of [Odigwe's] requests, both personally and through counsel . . . indicate Petitioner Odigwe requested a modification of his child support in Kentucky[.]"

Odigwe argues none of his pleadings can reasonably be construed as a motion to modify child support because the procedural rules for filing such

-12-

motions were not referenced or followed. He also urges us to look to his request for relief in his Motion to Modify Custody and Parenting Time, which makes no mention of child support, rather than his tendered order accompanying the motion, in determining whether he affirmatively sought modification of the Michigan child support order.

While Odigwe's Motion to Modify Custody and Parenting Time and Emergency Motion for Summer 2020 Parenting Time make no mention of child support, we cannot overlook the plain language of the proposed order that Odigwe himself tendered along with his motion to modify custody. That order grants a "credit towards [Odigwe's] monthly child support payment for Minor Child" to be determined by the Daviess Circuit Court or agreement of the parties, which is an explicit reference to a reduction in child support. This is in addition to the clear statement from Odigwe's counsel at the June 2020 hearing on the emergency motion for parenting time which proposed suspending Odigwe's child support obligation. While Odigwe may downplay these references to child support as secondary to his primary objective – parenting time with his son – they remain unequivocal requests to modify child support.

As noted by the circuit court, Odigwe's requests may not have been formal motions to modify child support, but we find them sufficient to waive any objection by Odigwe to Kentucky exercising personal jurisdiction over him for

child support purposes. Indeed, the UIFSA's long-arm statute does not require a formal motion to modify child support to waive personal jurisdiction, only a pleading "having the effect of waiving any contest to personal jurisdiction[.]" The Commentary to the UIFSA clarifies that "[s]ubsection (2) expresses the principle that a nonresident party concedes personal jurisdiction by seeking affirmative relief . . . ." Unif. Interstate Family Support Act § 201 cmt. (2001). By tendering an order that gave him credit toward his child support payment, Odigwe effectively asked for a modification of child support. At the very least, he should have reasonably foreseen child support issues might be litigated in Kentucky. He cannot now object to personal jurisdiction after attempting to avail himself of Kentucky's courts on child support issues.

But that is not the end of our inquiry. The UIFSA's long-arm statute may not be used to acquire personal jurisdiction over a nonresident to *modify* an out-of-state child support order unless the requirements of KRS 407.5611 are met. KRS 407.5201(2). This brings us to Odigwe's last argument: the circuit court lacked particular case jurisdiction to modify the Michigan support order.

KRS 407.5611 governs the scope of a Kentucky court's authority to modify a child support order issued in another state.[10] Pursuant to KRS

---

[10] KRS 407.5613 applies when all parties who are individuals reside in Kentucky, and the child does not reside in the state that issued the child support order. Here, Andrini and the child live in

-14-

407.5611(1), modification may only occur if three requirements are met: (1) neither the parties nor the child resides in the issuing state; (2) a nonresident petitioner seeks modification; and (3) Kentucky has personal jurisdiction over the respondent.[11] KRS 407.5611(1)(a). The circuit court found all requirements satisfied.

First, it is undisputed that none of the parties or the child still reside in Michigan. As to the second requirement, the circuit court found that Odigwe, a nonresident, sought modification of his child support in Kentucky through his pleadings and the arguments of his counsel. The court noted Odigwe's requests for modification were prior to Andrini's motion to modify child support, making him the petitioner for purposes of the statute. Finally, the court held that Andrini, as respondent and a resident of Kentucky, was subject to personal jurisdiction in Daviess Circuit Court.

Odigwe argues Andrini is the only party that moved to modify child support and therefore she is the petitioner. Because she is a resident of Kentucky and KRS 407.5611(1)(a)2. requires that the petitioner be a nonresident, the statutory prerequisites for particular case jurisdiction were not satisfied. Odigwe's

Kentucky, but Odigwe is a resident of Arizona. Therefore, KRS 407.5611, rather than KRS 407.5613, controls.

[11] KRS 407.5611(1)(b) provides an alternate means of modification: if all of the parties can agree in writing that Kentucky can modify the support order and assume continuing, exclusive jurisdiction.

argument raises an interesting question, even if not developed fully. How can he be the petitioner when it was Andrini's motion to modify child support that was before the court, and that was the subject of his motion to dismiss and jurisdictional objections?

Regardless, we find no error in the circuit court's exercise of jurisdiction to modify the Michigan child support order because Odigwe waived any objection to particular case jurisdiction by his requests to modify child support. Particular case jurisdiction, like personal jurisdiction, may be waived. *Commonwealth v. Steadman*, 411 S.W.3d 717, 724 (Ky. 2013). The Commentary to the UIFSA clarifies that KRS 407.5611(1)(a)2.'s requirement that the party seeking modification be a nonresident of the forum in which he seeks modification "attempts to achieve a rough justice between the parties in the majority of cases by preventing a litigant from choosing to seek modification in a local tribunal to the marked disadvantage of the other party." Unif. Interstate Family Support Act § 611 cmt. (2001). That concern is not present in this case where Odigwe himself twice moved for modification of the Michigan child support order in Kentucky, albeit informally, and prior to Andrini's request for modification. Having moved himself to modify child support, we find that Odigwe waived his objections to particular case jurisdiction.

Because of that waiver, the Daviess Circuit Court did not err in asserting personal jurisdiction over Odigwe and particular case jurisdiction to modify the Michigan child support order, or in denying Odigwe's motion to dismiss Andrini's motion to modify child support for lack of jurisdiction. The orders of the Daviess Circuit Court are affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

William D. Tingley
Nathan R. Hardymon
Louisville, Kentucky

BRIEF FOR APPELLEE LAUREN ANDRINI:

J. Andrew Johnson
Owensboro, Kentucky