**Allan D. GRUNDY, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–CA–001852–MR.

Court of Appeals of Kentucky.

May 24, 2013.

M. Brook Buchanan, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON, LAMBERT, and TAYLOR, judges.

### OPINION

LAMBERT, Judge:

Allan Grundy appeals from the May 31 and August 25, 2011, orders of the Jefferson Circuit Court denying his Kentucky Rules of Civil Procedure (CR) 60.02 motion seeking to vacate the order revoking his probation and his motion to alter, amend, or vacate pursuant to CR 59.05. After careful review, we reverse and remand.

After a jury trial, Grundy was convicted of illegal possession of a controlled substance in the first degree (cocaine) and illegal possession of drug paraphernalia. The jury recommended a sentence of one year's imprisonment. A judgment of conviction and sentence of probation was entered on December 17, 1997, sentencing Grundy to one year, probated for a period of five years.

On October 16, 2002, the Commonwealth filed a motion to revoke probation, stating that Grundy had been convicted of another felony and consequently probation and parole authorities were requesting that a revocation hearing be held. The Commonwealth's motion to revoke was noticed to be held on October 21, 2002. Grundy was not present in court that day, and the trial court appointed him an attorney and indicated it would set a hearing in December, sixty days later. Thereafter, an order for appearance of prisoner was entered on October 23, 2002, directing that Grundy be transported to the Jefferson Circuit Court for a revocation hearing.

Ultimately, the matter came before the trial court on December 18, 2002. The

trial court stated that the case involved a judgment entered on December 17, 1997, "five years ago yesterday, as a matter of fact." After brief argument of counsel, the court indicated it would be entering an order revoking Grundy's probation and sentencing him to one year in prison. The court entered an amended order revoking his probation on January 23, 2003, adding the provision that the revoked sentence was to run consecutively to Grundy's sentence in another case, 02–CR–1479.

On October 26, 2010, Grundy filed a *pro se* motion to void the judgment pursuant to CR 60.02(e) and (f). Therein, Grundy asserted that the trial court violated his due process rights when it proceeded without jurisdiction to revoke his probation after his term of probation had expired. The trial court denied Grundy's motion by order entered May 31, 2011. On June 15, 2011, Grundy filed a *pro se* motion to alter, amend, or vacate pursuant to CR 59.05. That motion was denied on August 25, 2011. Grundy now appeals the May 31, 2011, and August 25, 2011, orders of the Jefferson Circuit Court.

■ The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion. *Brown v. Commonwealth,* 932 S.W.2d 359, 362 (Ky.1996). For a trial court to have abused its discretion, its decision must have been arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999).

■ Grundy argues on appeal that the trial court abused its discretion and denied him due process of law when it denied him relief under CR 60.02. He argues that Kentucky Revised Statutes (KRS) 533.020(1) provides that the trial court may revoke probation if a defendant commits an additional offense or violates a condition of his probation at any time "pri-

or to the expiration or termination of the period of probation." Grundy relies on *Conrad v. Evridge,* 315 S.W.3d 313, 315 (Ky.2010), which states:

> The statute states in clear and unambiguous terms that revocation must occur "prior to the expiration ... of probation." There is no plausible interpretation other than that probation must be revoked, if at all, before the probationary period expires. The circuit court has no jurisdiction to revoke Appellee's probation, or to hold a revocation hearing, after that time. *Curtsinger v. Commonwealth,* 549 S.W.2d 515, 516 (Ky. 1977).

Grundy argues that because he was placed on probation on December 17, 1997, the five-year period in which a court could revoke expired on December 17, 2002, and therefore the trial court lacked jurisdiction on December 18, 2002, to revoke his probation.

■ We agree with Grundy that the trial court lacked jurisdiction to revoke his parole on December 18, 2002, as apparently acknowledged openly by the trial court. Accordingly, the order revoking Grundy's parole was void. *See Lowther v. Moss,* 239 Ky. 290, 39 S.W.2d 501, 503 (1931). Kentucky law requires that motions for relief brought under CR 60.02(e) must be brought within a reasonable time, and the Commonwealth argues that the almost eight years that passed in the instant case is not reasonable. However, in *Foremost Insurance Company v. Whitaker,* 892 S.W.2d 607 (Ky.App.1995), this Court explained the treatment of void judgments as they pertain to CR 60.02.

> A void judgment is not entitled to any respect or deference by the courts. *Mathews v. Mathews,* Ky.App., 731 S.W.2d 832, 833 (1987). A void judgment is a legal nullity, and a court has

no discretion in determining whether it should be set aside. Bertelsman and Philipps, *Kentucky Practice,* Civil Rule 60.02, Vol. 7, p. 396 (4th ed.1984). Therefore, because the trial court had no jurisdiction over Foremost at the time default judgment was entered, the judgment was void *ab initio* and the trial court erred as a matter of law in refusing to set it aside.

*Id.* at 610. *Foremost* is consistent with *Conrad, supra,* and clearly holds that a void judgment is a legal nullity, and further, such a judgment does not acquire validity with the passage of time. *See Rogers Group, Inc. v. Masterson,* 175 S.W.3d 630, 635 (Ky.App.2005).

The trial court failed to grant Grundy relief on the premise that the issue regarding his probation expiration should have been raised at the time of his sentencing in 2003 or in his first RCr 11.42 motion. There is no issue in this case regarding ineffective assistance of counsel, nor does the issue of a void judgment involve RCr 11.42. Regardless of the amount of time that has passed from the date of Grundy's probation revocation order to the date that his motion to vacate was filed, it is clearly a miscarriage of justice for Grundy to be required to serve time under the probation revocation order where the trial court lacked jurisdiction to revoke Grundy's probation and where said order revoking probation was a nullity and otherwise of no force or effect as a matter of Kentucky law.

For the foregoing reasons, we reverse and remand this matter to the trial court with instructions to vacate Grundy's one-year sentence as provided in the amended order revoking probation entered on January 23, 2003.[1]

ALL CONCUR.

---

1. We would also note that to the extent that Grundy is required to serve his one-year sentence under the original judgment entered December 17, 1997, (in conjunction with the consecutive sentencing received at the time of the order of probation revocation, as amended January 23, 2003), we believe that Grundy would be entitled to a writ of habeas corpus for his immediate release from prison since our Supreme Court has consistently held that relief is readily available to any defendant who is unlawfully detained in Kentucky under a void judgment. *See M.M. v. Williams,* 113 S.W.3d 82 (Ky.2003); *Commonwealth v. Marcum,* 873 S.W.2d 207 (Ky.1994).