**Allan D. GRUNDY, Appellant**

v.

**COMMONWEALTH of Kentucky**
**Appellees**

**NO. 2014–CA–000494–MR**

Court of Appeals of Kentucky.

RENDERED: JULY 24, 2015; 10:00 A.M.

Rehearing Denied August 31, 2015

---

**3.** Formerly 3.130(8.3)(b).

BRIEF FOR APPELLANT: Allan D. Grundy, Pro Se, Louisville, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, Kentucky

BEFORE: JONES, J. LAMBERT, AND MAZE, JUDGES.

## OPINION

J. LAMBERT, JUDGE:

Allan Grundy, proceeding *pro se,* has appealed from the October 28, 2013, order of the Jefferson Circuit Court vacating the order revoking his probation, but refusing to vacate his one-year sentence, and the January 13, 2014, order denying his Kentucky Rules of Civil Procedure (CR) 59.05 and CR 52.02 motions to vacate the October 28, 2013, order. We affirm the orders on appeal.

In September 1996, Grundy was indicted by the Jefferson County grand jury on charges of first-degree trafficking in a controlled substance (cocaine), a Class C felony, and illegal use or possession of drug paraphernalia, a Class A misdemeanor. Following a jury trial in October 1997, Grundy was adjudged guilty of first-degree illegal possession of a controlled substance (cocaine) and illegal possession of drug paraphernalia. The trial court entered a judgment of conviction on December 17, 1997, and sentenced him to one year's imprisonment, but probated Grundy's prison sentence for five years subject to his compliance with several listed conditions. These conditions included continued good behavior, refraining from violating the law, and compliance with any other regulations and supervision of the Division of Probation and Parole office and the direction of his probation officer. Grundy's five-year probation was to expire on December 15, 2002. Grundy did not appeal his conviction.[1]

On October 16, 2002, the Commonwealth moved to revoke Grundy's probation based upon a probation report dated September 30, 2002. The report established that Grundy had been convicted of two counts of second-degree rape and for being a second-degree persistent felony offender (PFO II) earlier that year, and he was sentenced to a total of twenty-years' imprisonment. The trial court held a revocation hearing on December 18, 2002, and as a result of the hearing ordered Grundy's probation to be revoked. The court remanded Grundy to the custody of the sheriff for service of the one-year sentence imposed under the final judgment entered December 17, 1997. In an amended order entered January 23, 2003, the trial court ordered this sentence to run consecutively with the twenty-year sentence imposed in the subsequent convictions.

Thereafter, Grundy filed several post-conviction motions, seeking relief pursuant to RCr 11.42, CR 59.05, and RCr 10.26. The trial court denied these motions as time-barred. In October 2010, Grundy filed a motion to void the sentenced imposed by the orders revoking his probation pursuant to CR 60.02(e) and (f), arguing that the original order was a legal nullity because the court did not have jurisdiction to revoke his probation after the probationary period had expired and that the amended order was entered more than ten days after the entry of the original order. By opinion and order entered May 31, 2011, the trial court denied Grundy's motion for CR 60.02 relief, stating that he should have raised this issue at the time of sentencing or in his first RCr 11.42 motion.

Grundy moved the court to alter, amend, or vacate its order pursuant to CR 59.05 and RCr 10.26, and to make findings pursuant to CR 52.02. The Commonwealth objected to the motion, arguing that Grundy had not established that he was entitled to the extraordinary remedy of CR 60.02 relief. Grundy also moved to supplement his motion to vacate pursuant to CR 15.04. The court denied the pending motions on September 6, 2011, and Grundy filed an appeal with this Court. *See Grundy v.*

---

1. Following the 1997 jury trial, Grundy filed a motion to set aside the jury verdict pursuant to Kentucky Rules of Criminal Procedure (RCr) 13.04 and CR 50.02, and for a new trial pursuant to RCr 10.02. The trial court denied this motion by order entered August 20, 2004, and denied the motion for findings of fact on October 7, 2004. Grundy appealed this ruling to the Court of Appeals, and the appeal was dismissed for lack of subject matter jurisdiction on September 21, 2005, because the trial court had orally denied his motion for a judgment notwithstanding the verdict or for a new trial prior to entering the final judgment and sentence.

*Commonwealth,* 400 S.W.3d 752 (Ky.App. 2013).

On appeal, this Court reversed the trial court's orders, holding that the court lacked jurisdiction to revoke Grundy's probation because his probationary period had expired prior to the entry of the order revoking. Therefore, the order revoking his probation was void, and Grundy was entitled to CR 60.02 relief, despite the passage of time between his 2003 probation revocation and the filing of his CR 60.02 motion. This Court ultimately reversed and remanded "this matter to the trial court with instructions to vacate Grundy's one-year sentence as provided in the amended order revoking probation entered on January 23, 2003." *Id.* at 755 (footnote omitted).

After the opinion became final, the trial court entered an order on October 28, 2013, vacating its 2002 order and 2003 amended order revoking Grundy's probation. The court did not vacate Grundy's one-year sentence, as he requested. Grundy filed a CR 59.05 motion to alter, amend, or vacate the trial court's order and requested the court to enter an order in conformity with the direction of this Court. In response, the Commonwealth argued that the trial court's actions were consistent with the opinion of this Court, which only held that the trial court did not have jurisdiction to revoke Grundy's probation. This Court had not held that the trial court lacked jurisdiction to enter the original judgment of conviction. In an opinion and order entered January 31, 2014, the trial court denied Grundy's motion to alter, amend, or vacate. The court noted that Grundy was serving a twenty-year sentence under two Jefferson County indictments for two counts of rape and that his

conviction in the present case had been used to enhance his sentence in the later cases based on his status as a PFO II. In denying the motion, the court recognized that Grundy's "CR 60.02 Motion was based on this Court's revocation of his probation; not on [his] underlying conviction and sentence." The court agreed with the Commonwealth's argument that because this Court did not hold that the trial court lacked jurisdiction to impose the original sentence, Grundy had received all of the relief to which he was entitled. This appeal now follows.[2]

On appeal, Grundy argues that the trial court abused its discretion and that he was denied equal protection and due process of law when the trial court denied his motion for CR 59.05 relief. He asserts that the trial court did not follow the directive of this Court on remand in light of the voided revocation orders. The Commonwealth disputes this argument, continuing to argue that Grundy received all of the relief to which he was entitled when the trial court vacated the orders revoking his probation.

CR 59.05 provides that "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."

Although CR 59.05 does not specifically set forth the grounds for relief under the rule, the Supreme Court of Kentucky has cited to its federal counterpart, Federal Rules of Civil Procedure 59(e), in limiting the grounds to the following:

> There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may dem-

**2.** Shortly after he filed the notice of appeal, Grundy was released from incarceration, and he currently resides in Louisville.

onstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. *Gullion [v. Gullion]*, 163 S.W.3d [888,] 893 [ (Ky.2005) ], quoting 11 Wright & Miller, Federal Practice and Procedure: Civil (2d Ed.) § 2810.1.

*Bailey v. Bailey*, 399 S.W.3d 797, 801 (Ky. App.2013). "A trial court's ruling on a motion made pursuant to CR 59.05 is reviewed under an abuse of discretion standard." *Id.*, citing *Bowling v. Kentucky Dept. of Corrections*, 301 S.W.3d 478, 483 (Ky.2009).

█ In the present case, we must agree with the Commonwealth that the trial court did not abuse its discretion in denying Grundy's motion for CR 59.05 relief. This Court, in its earlier opinion, directed the trial court to vacate the orders revoking Grundy's probation, not the original 1997 judgment convicting him of drug charges. Only the revocation orders were void because they were entered after his five-year probationary period had ended. The end result is that Grundy should not have been required to serve the one-year sentence because the revocation orders were void, which is exactly what the trial court did on remand by vacating those orders. This Court's opinion did not address the validity of the original judgment and conviction at all, nor was that issue raised in the prior appeal, and there is no question that the trial court had jurisdiction to enter the original judgment.

Therefore, the trial court did not abuse its discretion on remand in refusing to grant Grundy's motion for CR 59.05 relief and vacate the one-year sentence imposed in the original 1997 judgment as a result of Grundy's conviction.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.