RENDERED: JULY 18, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1327-MR

JT HIGGINS            APPELLANT

v.           APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 16-CR-00060

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, EASTON, AND L. JONES, JUDGES.

CALDWELL, JUDGE: JT Higgins ("Higgins") appeals from the Henderson Circuit Court's denial of his CR[1] 60.02 motion to vacate, correct, or amend sentence. After entering a guilty plea and being sentenced to seven years' imprisonment, Higgins filed a motion for shock probation and was placed on probation for seven years via agreed order. After he had served over five of those

---

[1] Kentucky Rules of Civil Procedure.

seven probationary years, his probation was revoked. Higgins contends the Henderson Circuit Court lacked jurisdiction to revoke his probation, citing KRS[2] 533.020(4) which states the period of probation "shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony[.]" Despite the Commonwealth's argument (Higgins waived the statutory five-year limit on probation by agreeing to a seven-year period of probation), we conclude the Henderson Circuit Court lacked authority to impose or enforce the seven-year probationary period and abused its discretion in denying Higgins' CR 60.02 motion. We reverse the denial of Higgins' CR 60.02 motion and remand with directions to vacate the revocation of Higgins' probation.

**FACTS**

Higgins has admitted to being involved in a December 2015 robbery in Henderson County. He was indicted for complicity to first-degree robbery. He was represented by counsel in the proceeding on the robbery charges before the Henderson Circuit Court ("the trial court").[3]

---

[2] Kentucky Revised Statutes.

[3] The appellant brief alludes to Higgins' having also been involved in another robbery in Hopkins County which took place the same day as the Henderson County robbery. The appellant brief states Higgins also received shock probation from the Hopkins Circuit Court in October 2016. However, this appeal is only from the Henderson Circuit Court's denial of Higgins' CR 60.02 motion and not from any court action in Hopkins County. Moreover, the record on appeal for this case does not contain the complete court record for any court action in Hopkins County.

Higgins accepted the Commonwealth's offer to amend the charges to complicity to second-degree robbery upon a plea of guilty. The trial court found his guilty plea to be voluntary, adjudged him guilty of complicity to second-degree robbery, and sentenced him to seven years' imprisonment in August 2016. Higgins did not appeal from the judgment of conviction and sentence.

In October 2016, Higgins filed a motion for shock probation. The trial court granted his motion and entered an order suspending further execution of sentence. This order placed Higgins on probation for seven years, commencing on the date of the order's entry. Both the Commonwealth's attorney and Higgins' counsel signed this order with a notation they had seen and agreed to the order. Higgins did not appeal from this order ("the shock probation order") which placed him on probation for seven years.

In March 2022, Higgins' probation officer filed an affidavit with the trial court stating Higgins had recently been arrested in Hopkins County and charged with offenses including careless driving, trafficking in marijuana and methamphetamine, and possession of drug paraphernalia. The probation officer requested Higgins' probation be revoked due to his committing another offense. Higgins was represented by counsel in the probation revocation proceedings before the trial court.

Following a hearing, the trial court found Higgins violated his probation by committing a new offense. It revoked his probation in an order entered September 1, 2022. Higgins did not appeal from the revocation.

In October 2023, Higgins filed a *pro se* CR 60.02 motion to vacate, correct, or amend his sentence.

Higgins argued the trial court had lost jurisdiction prior to its revoking his shock probation in the latter part of 2022. He asserted shock probation (imposed pursuant to KRS 439.265) is a type of probation subject to the requirements of KRS 533.020(4). He pointed out KRS 533.020(4) provides a court may impose a period of probation – generally not to exceed five years[4] – upon a felony conviction. Higgins contended the seven years' probation he received was thus an illegal sentence and the trial court's judgment was void. He asserted the trial court could not validly revoke his probation more than five years after placing him on probation.

The trial court entered an order denying Higgins' CR 60.02 motion in October 2023. The trial court took note of precedent indicating a defendant could waive the statutory maximum period of probation in its order. *See Commonwealth*

---

[4] KRS 533.020(4) states: "Such period [of probation], with extensions thereof, shall not exceed five (5) years, *or the time necessary to complete restitution*, whichever is longer, upon conviction of a felony[.]") (emphasis added). No issues about restitution were raised by the parties to the trial court or to this Court. Moreover, no extension of the initially imposed probation period was ever sought or granted based on our review of the record.

*v. Wright*, 415 S.W.3d 606, 611 n.3 (Ky. 2013) (citing *Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky. 1997)) ("[E]ven without a finding of necessity, a probationer may knowingly and voluntarily agree to an extension of probation beyond five years, for example to avoid revocation of probation."). The trial court determined that Higgins waived the statutory maximum period of probation by agreeing to a probationary period exceeding the statutory limit.[5] Thus, the trial court concluded Higgins was not entitled to extraordinary relief under CR 60.02.

Higgins filed a timely appeal from the denial of his CR 60.02 motion and the trial court granted his motion for appointed counsel on appeal. Higgins argues on appeal that the trial court illegally sentenced him to a seven-year term of shock probation and abused its discretion in denying his CR 60.02 motion.[6]

In response, the Commonwealth contends the trial court properly denied the CR 60.02 motion because Higgins agreed to the seven-year term of probation. It also asserts Higgins failed to properly preserve the alleged error in being placed on seven years' probation because he did not appeal from the shock probation order or the order revoking his shock probation and he did not file a

---

[5] The trial court's order denying CR 60.02 relief did not discuss whether there was any difference between an agreement to an initial imposition of probation exceeding five years and an agreement to waive the statutory five-year limit on probation by requesting an extension of a probationary period initially set within the statutory limit.

[6] Higgins also requested an evidentiary hearing and appointment of counsel in the trial court CR 60.02 proceedings. The trial court denied both these requests. However, Higgins did not allege any error in the trial court's denial of these two requests in his briefs to this Court.

RCr[7] 11.42 motion prior to seeking relief under CR 60.02.  Moreover, the

Commonwealth contends Higgins failed to file the CR 60.02 motion within a

reasonable time.

## ANALYSIS

### Preservation and Procedural Concerns

Before we address the merits of the trial court's decision, we must

consider the Commonwealth's assertion that the alleged illegality of the seven-year

term of probation was not properly preserved for review – based on the lack of

timely appeal from the orders imposing or revoking probation and the lack of prior

RCr 11.42 motion.

Certainly, "CR. 60.02 is *not* intended to provide relief for grounds that

could be attacked through direct appeals or collateral motions such as grounds

under RCr 11.42." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017)

(emphasis in original).  Generally, one must first raise all errors reasonably

discoverable by oneself or one's attorney through direct appeal and then raise all

other reasonably apparent errors which could be presented through an RCr 11.42

motion before seeking relief pursuant to CR 60.02.  *Gross v. Commonwealth*, 648

S.W.2d 853, 856 (Ky. 1983).

---

[7] Kentucky Rules of Criminal Procedure.

However, failure to raise an alleged error through direct appeal or RCr 11.42 motion does not necessarily mean the alleged error was never preserved by being raised to the trial court. Despite the lack of direct appeal or RCr 11.42 motion by Higgins, Higgins raised the same issues to the trial court via his CR 60.02 motion that he raised in this appeal. Thus, these issues were preserved for appeal since they were raised to the trial court. *See Gasaway v. Commonwealth*, 671 S.W.3d 298, 311-12 (Ky. 2023) (noting basic function of preservation requirement is to make sure that the issue or allegation of error has been raised to the trial court, so the trial court has an opportunity to consider the issue).

In sum, we are satisfied Higgins properly preserved the allegations of error advanced in his appellate briefs through raising them to the trial court.

Moreover, a failure to allege error through direct appeal or RCr 11.42 motion does not always mean that this Court must decline to consider the allegations of error presented in the CR 60.02 motion. For example, after noting Meece's prior direct appeal and his then-pending RCr 11.42 motion (filed after Meece's CR 60.02 motion), our Supreme Court reached the merits of issues raised by Meece in his CR 60.02 motion despite the fact that: "Meece has litigated, is currently litigating, or should have litigated all of these claims for relief." *Meece*, 529 S.W.3d at 286.

Furthermore, we cannot accept the Commonwealth's argument that consideration of Higgins' CR 60.02 motion was precluded on procedural grounds – namely, Higgins' not having filed an RCr 11.42 motion prior to filing his CR 60.02 motion. *See Gross*, 648 S.W.2d at 856. Despite the Commonwealth's suggestion that it was improper for Higgins to file a CR 60.02 motion before filing a RCr 11.42 motion, this Court has previously indicated a CR 60.02 motion is more appropriate for challenging revocation of probation, which had already expired, than a RCr 11.42 motion. *See generally Grundy v. Commonwealth*, 400 S.W.3d 752, 754-55 (Ky. App. 2013) (reversing denial of CR 60.02 motion which argued the revocation of probation after the probationary period expired was a void judgment and noting ineffective assistance of counsel had not been alleged "nor does the issue of a void judgment involve RCr 11.42").

Moreover, our Supreme Court has made clear that sentencing issues may be raised and must be fixed at any time whether raised by direct appeal, RCr 11.42, CR 60.02, or other means:

> The appellate court will automatically treat an unpreserved sentencing issue as though it was preserved for appellate review. Furthermore, because the trial court and appellate court have inherent authority to correct an unlawful sentence at any time, a defendant may raise a sentencing issue through any of the following relief mechanisms: direct appeal, with the standard of review being abuse of discretion even when the sentencing issue is not preserved; RCr 11.42; CR 60.02; or a writ of

habeas corpus.

*Commonwealth v. Moore*, 664 S.W.3d 582, 590 (Ky. 2023) (footnotes omitted). While the Commonwealth suggests that a term of probation is not a sentence (which we address later), Higgins clearly argued to the trial court and to this Court that the trial court imposed an illegal sentence by placing him on probation for seven years – despite KRS 533.020(4)'s five-year limit for probation on a felony conviction. Thus, as Higgins argued the seven-year term of probation was an illegal sentence, his failure to present this issue through other means does not preclude the trial court or this Court from considering the issue.

So, we review the trial court's denial of his CR 60.02 motion under the generally applicable standard of review.

## Standard of Review

We review the denial of the CR 60.02 motion for abuse of discretion. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996).

## Trial Court Abused Its Discretion in Denying CR 60.02 Motion

Higgins contends the trial court lost jurisdiction to revoke probation five years after he was placed on probation. He argues this case is akin to *Grundy*, 400 S.W.3d 752, in which this Court held the circuit court lacked jurisdiction to revoke probation one day after the probationary period expired, rendering the order

revoking Grundy's probation void. *Id*. at 754. However, the two cases have some factual differences which merit consideration.

Grundy was initially placed on probation for five years pursuant to the judgment of conviction and sentence with no indication he requested an extension of the probationary period. *Id*. at 753. In contrast, Higgins was initially sentenced to seven years' imprisonment upon a plea agreement and filed a motion for shock probation, which was resolved by an agreed order placing him on probation for seven years. And the trial court ruled upon the Commonwealth's revocation motion within the seven-year probationary period imposed on Higgins via agreed order – though not within five years of placing Higgins on probation.

Nonetheless, the seven-year term of probation imposed on Higgins via agreed order clearly exceeds the limitation on probationary period set forth in KRS 533.020(4): "Such period [of probation], with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony[.]" Moreover, the time limit set forth in KRS 533.020(4) applies to terms of shock probation since KRS 439.265(1) provides a trial court may suspend a defendant's sentence of imprisonment after 30 to 180 days of incarceration upon his/her motion **subject to the provisions of KRS Chapters 500 to 534** as well as KRS Chapter 439. And as Higgins further points out, binding precedent from our Supreme Court indicates a court violates the

separation of powers doctrine by imposing probationary periods exceeding the time limits set forth by statute. *See Miller v. Commonwealth*, 391 S.W.3d 801, 806 (Ky. 2013): "The legislative branch gets to set the maximum length of all probationary periods, if it so chooses. It has done so. The judicial branch gets to set individual probationary periods, though it is bound by the limits set by the legislature."

Our Supreme Court noted the trial court in *Miller* had initially placed the defendant on probation for two years – in compliance with KRS 533.020(4)'s time limit for misdemeanors. 391 S.W.3d at 803. However, the trial court later extended the probationary time limit over Miller's objection. *Id.* at 806. While our Supreme Court noted Miller had not agreed to the extension of his probation, it also recognized that a trial court might validly extend probation beyond the statutory time limit under different circumstances if the trial court acts within the original probationary period and the defendant knowingly and voluntarily waives the statutory time limit by requesting an extension of probation. *Id.* (citing *Griffin*, 942 S.W.2d at 291). Here, however, there simply was no extension of Higgins' probation – at his own request or over his objection. Instead, the trial court initially imposed a probationary period which exceeded KRS 533.020(4)'s five-year probation limit for a felony conviction in the shock probation order.

The Commonwealth argues Higgins waived the statutory time limit in

-11-

KRS 533.020(4) by agreeing to the seven-year term of probation. The Commonwealth correctly points out the shock probation order placing Higgins on probation for seven years was an agreed order, despite Higgins' assertion in his appellant brief that his CR 60.02 motion shows he did not agree to receiving an additional two years' probation over the statutory five-year limit.[8]

As the Commonwealth points out, a defendant can knowingly and voluntarily waive the five-year limit on probation to avoid revocation and imprisonment, citing *Griffin*, 942 S.W.2d at 291. However, as Higgins points out in the reply brief, *Griffin* involved different facts – in which the defendant violated his probation within the initially imposed five-year probationary period and then requested an extension on probation to avoid revocation and imprisonment. *Id.*

In contrast, Higgins never requested an extension of his probation – though he was initially placed on seven years' probation upon an agreed order resolving his motion for shock probation. Moreover, the probation violation at issue here[9] did not occur until more than five years had elapsed since Higgins was placed on probation.

---

[8] The agreed order placing Higgins on probation for seven years was not signed by Higgins himself – probably because he was represented by counsel. However, Higgins' attorney signed this order.

[9] Based on our review of the written record, Higgins' probation officer filed an affidavit alleging Higgins violated the terms of his probation by failing to complete substance abuse treatment in August 2017. In September 2017, the trial court entered an order noting Higgins had admitted to violating his probation order by failing to complete treatment. The trial court found Higgins had

-12-

Unlike Higgins, Griffin was originally granted probation for a period of five years subject to conditions including paying restitution. Four years later, Griffin requested a five-year extension of probation to make required restitution payments in response to the Commonwealth's motion to revoke. The trial court granted this requested five-year extension on probation. During the requested five-year probation extension but about seven years after the original conviction, the Commonwealth again moved to revoke probation for failure to pay restitution.

Several months after the trial court revoked probation, Griffin filed a *pro se* RCr 11.42 motion claiming the trial court lost jurisdiction to revoke probation five years after he was placed on probation. The trial court denied the RCr 11.42 motion and Griffin appealed. The Court of Appeals reversed, agreeing with Griffin that the trial court lost jurisdiction to revoke Griffin's probation upon expiration of the five-year period set forth in KRS 533.020(4). 942 S.W.2d at 290.

---

violated his probation, but it declined to revoke probation. Instead, it found him in contempt for violating probation and stated he could purge himself of contempt by remaining incarcerated until he could be reassessed and enter any recommended long-term treatment program. Evidently, Higgins must have purged himself of contempt as nothing further appears in the written record until the 2022 probation revocation proceedings commenced.

Neither party's briefs substantively discuss the 2017 probation violation proceedings in their legal arguments or make any arguments about tolling the expiration date for probation. *See generally* KRS 533.040(2); *Commonwealth v. Dulin*, 427 S.W.3d 170 (Ky. 2014). Moreover, given the apparently quick resolution of the 2017 probation violation proceedings, we discern no reason to assume that significant tolling periods could justify the trial court's revocation of probation nearly six years after Higgins was placed on probation.

Upon discretionary review, our Supreme Court reversed and reinstated the trial court's denial of Griffin's RCr 11.42 motion. It held subject matter jurisdiction (jurisdiction over the type of case) had never been lost and the trial court retained jurisdiction over the particular case by extending the probationary period on Griffin's request. It further stated the purpose of KRS 533.020(4) (protecting the convicted defendant from an indefinite duration of probation) was not defeated by allowing Griffin to knowingly and voluntarily waive the statutory five-year limit by obtaining, at Griffin's request, an extension on probation to avoid revocation and imprisonment. *Id*. at 291.

Unlike Griffin, Higgins did not seek an extension of his probation so he could make further restitution payments. Instead, a seven-year probation period was initially imposed via the agreed order resolving Higgins' shock probation motion. Higgins asserts here: "an illegal sentence was imposed from the beginning."

Higgins contends he could not validly agree to a seven-year probationary period and courts must not enforce such an agreement to a probationary period exceeding the limit set forth in KRS 533.020(4).

Noting he never requested an extension of probation as Griffin did, Higgins asserts courts must not enforce plea agreements to illegal sentences, citing *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010). Moreover, he

argues a failure to raise the illegality of the sentence to the trial court does not preclude an appellate court from granting relief from such an illegal sentence, citing *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018). Indeed, *Phon* states: "an illegal sentence cannot stand uncorrected" even if the error is unpreserved and it "did not matter" that the defendant agreed to the illegal sentence. *Id.* (Notably, however, *McClanahan* and *Phon* concerned challenges to the legality of sentences of imprisonment rather than probation.)

Contrary to Higgins' argument, the Commonwealth suggests the seven-year term of probation was not an illegal sentence based on authority stating that probation, standing alone, is not a sentence because probation is not an authorized penalty provided for in KRS 532.030. *See Commonwealth v. Tiryung*, 709 S.W.2d 454 (Ky. 1986):

> The language of KRS 532.030 is mandatory. Upon conviction a person "shall have his punishment fixed" at death, imprisonment or fine, as may be appropriate depending on the offense committed. On the other hand, KRS 532.040 is permissive. It permits a court to "sentence such person to a period of probation or to a period of conditional discharge as provided" by KRS Chapter 533. It further provides that "[a] sentence to probation or conditional discharge shall be deemed a tentative one to the extent that it may be altered or revoked in accordance with KRS Chapter 533. . . ."
>
> The Court of Appeals concluded, and we agree, that probation standing alone does not function as a sentence because it provides no authorized penalty[.]

-15-

*Id.* at 455. *See also Commonwealth v. Moreland*, 681 S.W.3d 102, 106 (Ky. 2023).

In *Moreland*, our Supreme Court considered whether a "split sentence" of ten years' imprisonment followed by ten years' probation entered pursuant to a plea agreement was an illegal sentence. *Id.* at 103-04. Our Supreme Court noted probation standing alone is traditionally not considered a sentence because it is not an authorized penalty. *Id.* at 106 (citing *Tiryung*, 709 S.W.2d at 455). Our Supreme Court noted a sentence of imprisonment must precede consideration of probation and probation could only be ordered in lieu of implementation of incarceration. *Moreland*, 681 S.W.3d. at 106 (citing *Jones v. Commonwealth*, 319 S.W.3d 295, 297 (Ky. 2010)). Our Supreme Court further stated in *Moreland*:

> incarceration upon conviction of a crime cannot occur without a sentence; that is elementary. Functionally then, "is not sentenced to imprisonment" means when implementation of incarceration is not ordered. And since implementation of incarceration was ordered in Moreland's case, the sentence purporting to probate ten years of that prison sentence is unlawful. KRS 533.020(1). The statutory scheme creates an "either/or" option, not a "both/and" option.

681 S.W.3d at 106.

Perhaps primarily based on its conclusion that split sentences of imprisonment followed by probation were illegal,[10] the Supreme Court determined the ten-year probation period imposed on Moreland was illegal. *Id.* at 107. Still, it also noted the ten years' probation imposed on Moreland violated KRS 533.020(4). *Moreland*, 681 S.W.3d at 106.

Our Supreme Court did not explicitly address in *Moreland* whether an initially imposed probationary period exceeding five years by itself amounted to an illegal sentence – despite noting this violation of KRS 533.020(4) yet also noting probation standing alone was not traditionally considered a sentence. *Id*. at 106.

Nonetheless, our Supreme Court indicated an illegal term of probation was no more enforceable than an illegal term of imprisonment – even if the defendant had initially agreed to the illegal probation:

> Under our Constitution . . . [i]t is error for a trial jury to disregard the sentencing limits established by the legislature, and no less erroneous for a trial judge to do so by the acceptance of a plea agreement that disregards those statutes. The force of *McClanahan*'s holding is not lessened by the fact that it was dealing with a hammer clause on a term of imprisonment that imposed a sentence of imprisonment beyond the statutory limits, whereas here we only have an illegal probation. It

---

[10] In conclusion, our Supreme Court stated in *Moreland*: "Probation is the suspension of a sentence of imprisonment, and once a convicted criminal has been ordered to serve any portion of that sentence of imprisonment, a trial court may not simultaneously probate the remainder of that sentence. Probation is only available when the defendant is not sentenced to imprisonment[.]" *Id.* at 109 (citing KRS 533.020(1)) (internal quotation marks omitted). The court further noted: "This ruling does not apply in cases of shock probation[.]" *Moreland*, 681 S.W.3d at 110.

-17-

> applies equally since probation is a statutory grant of
> authority to the judiciary and probation is merely the
> suspension of the imposition of a sentence of
> incarceration.

*Id*. at 107 (internal quotation marks and citations omitted).

Therefore, though the Commonwealth correctly notes a defendant may choose to waive nearly all his or her statutory and constitutional rights, *Howard v. Commonwealth*, 595 S.W.3d 462, 473 (Ky. 2020),[11] *Moreland* makes clear courts cannot enforce an illegal probation, even one to which the defendant has ostensibly agreed. 681 S.W.3d at 107.

In *Moreland*, our Supreme Court distinguished between challenges to conditions of probation and the imposition of probation. Noting an illegal sentence may be challenged at any time, our Supreme Court held one does not have to immediately challenge the legality of imposing probation. *Id.* at 106-07. In contrast, one must immediately challenge any condition of probation due to the trial court's statutory authority to impose all reasonable conditions to help the defendant lead a law-abiding life:

> requiring a probationer to challenge a condition of
> probation at the time it is imposed is consonant with the
> applicable statute, since the General Assembly

---

[11] The Commonwealth points out that *Howard* notes a defendant may waive the five-year limit on probation. *See* 595 S.W.3d at 474 (quoting *Commonwealth v. Townsend*, 87 S.W.3d 12, 15 (Ky. 2002)). However, probation was not at issue in *Howard* or in *Townsend*. In any event, more recent binding precedent from our Supreme Court clearly holds courts cannot validly enforce an illegal probation even though the defendant agreed to the illegal probation. *See generally Moreland*, 681 S.W.3d 102.

specifically allows trial courts to impose "any other reasonable condition" in addition to those listed in the statute. KRS 533.030(2).

*Moreland*, 681 S.W.3d at 107.

Though not squarely addressing how the length of an initially imposed term of probation is different from conditions of probation which must be immediately challenged, *Moreland* suggests an initially imposed term of probation clearly exceeding the plainly stated five-year limit in KRS 533.020(4) could be considered an illegal sentence.

In any event, even if probation standing alone is not considered a sentence, there was no "probation standing alone" in this case. Instead, after having been sentenced to a term of imprisonment and being incarcerated for at least a couple of months, Higgins' sentence was suspended, and he was placed on probation for seven years after filing a motion for shock probation. Even if a term of probation by itself is not considered a sentence, this seven-year term of probation imposed after Higgins' had been sentenced to seven years' imprisonment and had served some of that time in prison violated the five-year statutory time limit set forth by the legislature in KRS 533.020(4).

Probation is inherently statutory in nature and courts must follow the plain meaning of probation statutes. *Moreland*, 681 S.W.3d at 105 (citing *Conrad v. Evridge*, 315 S.W.3d 313, 316 (Ky. 2010)).

Moreover, the trial court's initial imposition of a seven-year term of probation under the facts here – with no request for extension or any indication that additional time was necessary to complete restitution – constitutes a violation of separation of powers given the clear violation of KRS 533.020(4)'s plain terms. *See Miller*, 391 S.W.3d at 805 (citing *Griffin*, 942 S.W.2d at 291): "The two-year limit [for probation for misdemeanors] is an absolute limit, absent some overriding statute or waiver by the defendant." Like the two-year limit for misdemeanors, the five-year limit on probation for felony offenses is absolute, barring some overriding statute or valid waiver by the defendant (which did not occur here under these facts).

In sum, since the shock probation order imposed a probationary period exceeding the five-year limit for a felony conviction in KRS 533.020(4), this order was void as it imposed an illegal term of probation. *See Moreland*, 681 S.W.3d at 110 (recognizing order imposing illegal probation was void). Thus, the trial court abused its discretion in denying Higgins' CR 60.02 motion since its enforcement of a void judgment imposing a term of probation exceeding the time limits in KRS 533.020(4) is "unsupported by sound legal principles." C*ommonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Next, we address the Commonwealth's contention that the CR 60.02 motion was properly denied because it was not filed within a reasonable time.

**We Decline to Affirm Based on Commonwealth's Assertion that CR 60.02 Motion was Not Filed Within a Reasonable Time**

The Commonwealth alternatively argues that the trial court's denial of the CR 60.02 motion should be affirmed on independent grounds – *i.e.*, Higgins' failure, in its view, to file his CR 60.02 motion within a reasonable time. As the Commonwealth points out, a CR 60.02 motion premised on a void judgment or for "any other reason of an extraordinary nature justifying relief" must be filed within a reasonable time. *See* CR 60.02(e)-(f).

The Commonwealth notes that Higgins filed his CR 60.02 motion to correct his sentence seven years after entry of the order suspending the original sentence of imprisonment and granting shock probation. The Commonwealth argues this was an unreasonable delay, citing *Graves v. Commonwealth*, 283 S.W.3d 252 (Ky. App. 2009). Graves filed a CR 60.02 motion challenging the validity of his guilty plea over seven years after he was convicted and sentenced. *Id.* at 254. Among other reasons, this Court held the trial court did not abuse its discretion in denying Graves' CR 60.02 motion because Graves failed to explain why it took him seven years to challenge the validity of his guilty plea. *Id.* at 257.

Higgins does not expressly respond to the Commonwealth's assertion he failed to file his CR 60.02 motion within a reasonable time other than arguing courts can and must fix an illegal sentence at any time in his reply brief. And while Higgins does not explicitly explain the delay in questioning the legality of

-21-

the seven-year term of probation, the record does not clearly indicate the trial court or Higgins' prior counsel brought the time limit in KRS 533.020(4) to his attention during the shock probation or revocation proceedings.

In any event, the trial court did not deny the CR 60.02 motion based on the motion not being brought within a reasonable time and Higgins' filing his 60.02 motion just over a year after his probation was revoked does not reflect a strikingly obvious unreasonable delay in our view. Thus, we decline to affirm the trial court's erroneous denial of CR 60.02 relief based on the Commonwealth's alternative argument.

Further arguments in the parties' briefs not discussed herein have been determined to lack merit or relevancy to our resolving this appeal.

**CONCLUSION**

For the foregoing reasons, we REVERSE the trial court's denial of Higgins' CR 60.02 motion and REMAND with directions to vacate the revocation of probation.

JONES, L., JUDGE, CONCURS AND FILES SEPARATE OPINION.

EASTON, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

JONES, L., JUDGE, CONCURRING: I concur with the result but write separately to emphasize three points: 1) The circuit court had no authority to place Higgins on shock probation for more than five years; 2) It was not logical,

-22-

and arguably was not even possible, for Higgins to make a direct appeal; and 3) CR 60.02 was the appropriate means for Higgins to challenge the revocation of his probation.

It is clear that "granting and revoking probation is not an inherent power in the courts, but is a power vested in the courts by statute." *Conrad v. Evridge*, 315 S.W.3d 313, 316 (Ky. 2010). KRS 533.020 limits that power to the imposition of probation for a period of no more than five years:

> The period of probation, probation with an alternative sentence, or conditional discharge shall be fixed by the court and at any time may be extended or shortened by duly entered court order or as modified by the Department of Corrections through the application of probation program credits under KRS 439.268. *Such period, with extensions thereof, shall not exceed five (5) years*, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony nor two (2) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a misdemeanor.

KRS 533.020(4) (emphasis added). Because neither party has claimed the collection of restitution is an issue in this case, there is no statutory authorization for the trial court to impose a period of restitution exceeding five years.

All judges, appellate or not, are frequently required to hold the parties before them to the plain language of the statute; in the absence of a constitutional challenge, we should hold ourselves to the same standard. This is an issue of separation of powers. Where the power to grant probation within certain

-23-

parameters was bestowed upon the courts by the legislature, the judiciary cannot expand upon those parameters *sua sponte*. Nor can we avoid the limitations imposed by KRS 533.020(4) by equating the period or length of probation with a mere condition of probation which, pursuant to KRS 533.030(1) "shall be such as the [trial] court, in its discretion, deems reasonably necessary to ensure that the defendant will lead a law-abiding life[.]" Once more, a plain reading of the two statutes prevents such equivocation.

Nor does it matter that counsel for Higgins agreed to the extended period of probation, though this may raise some concerns that Higgins (or a future defendant) would be permitted to "beat the system" by agreeing to an initial lengthy term of probation to secure his or her release from incarceration only to later challenge that extended probation period as unlawful. This same concern of gaming the system was raised in *Conrad*. However, our Supreme Court ultimately determined "given that probation is a statutory creature, this Court is bound by the plain meaning of the probation statutes." *Conrad*, 315 S.W.3d at 317. In accordance with *Conrad*, pursuant to KRS 533.020(4), Higgins' probationary period was discharged as a *matter of law* five years from the date he was released on shock probation. *See Commonwealth v. Dulin*, 427 S.W.3d 170, 177 (Ky. 2014) (footnote omitted) ("If a probationer has been discharged from probation by operation of law pursuant to KRS 533.020(4), and the circuit court is therefore

-24-

without jurisdiction to have revoked his probation and yet does so nevertheless, resulting in the former probationer being imprisoned in violation of *Conrad*, it would appear that in that case he would be being held in incarceration under a void judgment.").

While no one alleges Higgins actively bargained for a seven-year period of probation, it is undisputed that, through counsel, he provided his agreement to the court's order. However, for this reason, there was no avenue of direct appeal open to Higgins. A party must be aggrieved by a judgment in order to appeal from it. *Miller v. Miller*, 335 S.W.2d 884, 886 (Ky. 1960). Higgins sought shock probation, he received shock probation, and he agreed to shock probation. He was arguably not aggrieved. Furthermore, had Higgins filed a direct appeal, if he even knew the period of shock probation was unlawful,[12] the

---

[12] *See Gross v. Commonwealth*, No. 2011-CA-002196-MR, 2013 WL 3329080 (Ky. App. Jun. 28, 2013); and *Beckman v. Commonwealth*, No. 2013-CA-00214-MR, 2014 WL 6881109 (Ky. App. Dec. 5, 2014), *discretionary review denied* (Aug. 12, 2015). In *Gross*, the defendant was initially probated for five years in October of 2004, was revoked in April of 2007, and was released again on shock probation for five years in July of 2007. *Gross*, 2013 WL 3329080, at *1. Gross absconded from supervision in September of 2011, a warrant was issued for her arrest, and her shock probation was revoked in October of 2011. *Id*. Gross appealed, alleging her probation had legally expired in January of 2010. *Id*. Similarly, Beckman was probated for five years in October 2006, revoked in March of 2008, and released again on shock probation for five years in July of 2008. *Beckman*, 2014 WL 6881109, at *2. When the Commonwealth moved to revoke Beckman's shock probation in May of 2012, Beckman argued that his probationary period had expired in October of 2011. *Id*. In *Gross*, the Commonwealth argued that a period of shock probation was separate from a period of probation, and, alternatively, that Gross, pursuant to *Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky. 1997), had agreed to the extended probation period by accepting her release on shock probation. *Gross*, 2013 WL 3329080, at *2. The *Gross* Court applied the probation limits of KRS 533.020(4) to shock probation and distinguished *Griffin*, noting that Griffin had "unequivocally requested that the court extend

remedy would have been for the appellate court to vacate the unlawful order of probation and Higgins would have been returned to custody. Thereby Higgins would have been penalized for pointing out the unlawful period of probation. This seems an unfair requirement to demand of a criminal defendant.

Therefore, CR 60.02 was the appropriate avenue for Higgins to seek relief. Our Supreme Court stated as much in *Commonwealth v. Dulin*, 427 S.W.3d 170 (Ky. 2014). In *Dulin*, a defendant's twenty-year prison sentence was probated for a period of five years. *Id.* at 172. Three times Dulin was brought back before the circuit court for revocation. *Id.* at 172-73. Twice the circuit court sentenced him to serve 120 days in jail in lieu of revocation "as a condition of continuing on probation." *Id.* at 172. The third time, Dulin's probation was revoked. *Id.* at 173. Dulin had been granted probation on April 23, 2003, and, though no warrant had been issued for probation violation, Dulin's third revocation hearing was scheduled on May 8, 2008, over five years from the date probation was granted. *Id.* Dulin did not appeal the revocation order or take any action for relief for more than two

_____

probation an additional five years in lieu of revoking probation. . . ." *Id.* Consistently, the *Beckman* Court concluded: "We believe *Gross* resolved this issue and similarly conclude that the circuit court was without jurisdiction to revoke. In addition, the record does not support a conclusion that Beckman knowingly and voluntarily waived the statutory maximum five-year probation term. If the Commonwealth and a defendant wish to extend the probation term beyond the five-year limit, the record must contain an express waiver by the defendant." *Beckman*, 2014 WL 6881109, at *2. The record here contains no such express waiver from Higgins, nor was Higgins negotiating new terms of probation in lieu of or following a motion to revoke his existing probation for non-compliance.

years.  *Id.*  Though the Supreme Court upheld the revocation of Dulin's probation

(holding that under the plain language of KRS 533.040(2) his two periods of

incarceration had tolled the running of his probationary period), the Court found

Dulin had properly sought relief under CR 60.02.  *Dulin*, 427 S.W.3d at 177.

Further, our Supreme Court indicated that, had it not been for the tolling of Dulin's

probationary period, the trial court would have lost jurisdiction to revoke his

probation five years from the date probation was granted:

> If a probationer has been discharged from
> probation by operation of law pursuant to KRS
> 533.020(4), and the circuit court is therefore without
> jurisdiction to have revoked his probation and yet does so
> nevertheless, resulting in the former probationer being
> imprisoned in violation of *Conrad*, it would appear that
> in that case he would be being held in incarceration under
> a void judgment.  In such cases, absent an alternative
> means of obtaining relief, the incarcerated former
> probationer being held under a void judgment may obtain
> relief pursuant to CR 60.02(e).  *Foremost Ins. Co. v.
> Whitaker*, 892 S.W.2d 607 (Ky. App. 1995) (citing
> Bertelsman and Philipps, *Kentucky Practice*, Civil Rule
> 60.02, Vol. 7, p. 396 (4th ed. 1984)) (a void judgment is
> not entitled to any respect or deference by courts, and is a
> legal nullity, and a court has no discretion in determining
> whether it should be set aside).

*Id*. at 177 (footnote omitted).

Much ado is given to whether Higgins was too late to seek relief

under CR 60.02 by serving a year of his revoked sentence before contesting the

revocation.  Pursuant to the rule, Higgins was required to file his motion for relief

"within a reasonable time." CR. 60.02. However, if the circuit court had no authority to revoke Higgins' probation after the expiration of five-years, the judgment revoking his sentence is void. As our Supreme Court indicated in *Dulin*, this Court has no discretion to avoid setting aside a void judgment. *Id.* Nor is there a time limit on a request to set aside a void judgment "since a void judgment does not acquire validity with the passage of time." *Rogers Group, Inc. v. Masterson*, 175 S.W.3d 630, 635 (Ky. App. 2005) (in which parties did not move for relief under CR 60.02 until the passing of three years and the resolution of two prior appeals).

Therefore, I concur that the judgment of the Henderson Circuit Court denying Higgins relief under CR 60.02 should be REVERSED and REMANDED with directions to vacate the order which revoked Higgins' probation and sentenced him to serve his underlying sentence.

EASTON, JUDGE, DISSENTING: Because this case results in a misapplication of CR 60.02, I respectfully dissent. The circumstances of this case do not require CR 60.02 relief, and the circuit court did not abuse its discretion in denying the CR 60.02 motion. Relieving Higgins of his bargain is not equitable, regardless of the original error in ordering a probation term of seven years. Higgins's failure to appeal the revocation of his probation should also bar CR 60.02 relief.

Higgins was charged with complicity in two armed robberies occurring in two counties on the same day in December 2015. Higgins was the driver of the car used to transport the robbers to and from the two locations. Despite the seriousness of the charges against him, Higgins was permitted to plead guilty to a reduced charge of complicity to a second-degree robbery. He was sentenced to a seven-year term of imprisonment for this Henderson County case in August 2016.

Just over two months later, Higgins's attorney filed a motion for shock probation. As a result of his reduced charge, Higgins was eligible for probation.[13] The Commonwealth and Higgins's attorney signed, and the circuit court entered, an agreed order granting shock probation. This order probated the seven-year prison sentence for a period of seven years. Higgins did not file an appeal challenging the initial grant of his probation for a term of seven years.[14]

---

[13] Had Higgins been convicted of first-degree robbery for his 2015 crimes, he would have been ineligible for probation. KRS 533.010(2); KRS 439.3401(2)(b)10., formerly KRS 439.3401(1)(m) in 2015. In 2024, the General Assembly declared second-degree robbery a violent offense and thus prohibited probation for that crime as well. KRS 439.3401(2)(b)11. A conviction by complicity would not exempt Higgins from classification as a violent offender. Complicity is simply an alternate avenue to establish guilt of the crime charged. *Futrell v. Commonwealth*, 471 S.W.3d 258, 277 (Ky. 2015). A complicit person stands in the same shoes as the one who commits the crime. *Commonwealth v. Combs*, 316 S.W.3d 877, 880 (Ky. 2010).

[14] Shock probation decisions generally are "not reviewable." KRS 439.265(2). But an appeal may be taken of a decision to grant shock probation outside of the trial court's particular-case jurisdiction. *See Commonwealth v. Settles*, 488 S.W.3d 626 (Ky. App. 2016). While I agree that an appeal by Higgins when the probation was granted would not be logical, it was arguably still incumbent upon him to appeal if he wished to object to the seven-year term. Whatever might be

Before the expiration of the seven-year term of probation, but after five years on probation, Higgins committed felony level offenses. At a hearing to decide revocation of the shock probation, Higgins did not raise any question presented by the expiration of a statutory maximum of five years for probation, and he did not appeal the revocation of his probation. Over a year later,[15] Higgins filed the CR 60.02 motion now at issue, which the circuit court denied.

I agree that the granting of a seven-year term for shock probation is not authorized by the controlling statute, KRS 533.020(4), even with agreement of a defendant. But Higgins repeatedly waived[16] this issue of particular-case jurisdiction and should be estopped from annulling his agreement because he took advantage of the initial benefit of avoiding incarceration. In the specific and equitable[17] context of CR 60.02, Higgins's circumstances do not compel the granting of the extraordinary relief for which CR 60.02 is reserved.

said about an appeal of the shock probation order, the same cannot be said for an appeal of the later revocation decision, which will be addressed further *infra*.

[15] In the circumstances, I agree that the CR 60.02 motion is not barred due to untimeliness. Rather, relief is not justified for other reasons.

[16] It is well established that a defendant may waive issues protected as constitutional rights. *Sloss v. Commonwealth*, 709 S.W.3d 102, 120 (Ky. 2024). Even so, courts should be hesitant to countenance waiver in the context of separation of powers limitations, because not just the defendant is impacted by the disregard of the limitation. For example, such disregard also impacts the allocation of state resources by the General Assembly for probation supervision by the executive branch.

[17] CR 60.02 replaced the common law writ of *coram nobis* which was within the equity jurisdiction of the courts. *See Anderson v. Buchanan*, 168 S.W.2d 48 (Ky. 1943). The trial court

We must start with KRS 533.020(4) as worded when the Kentucky Supreme Court decided *Commonwealth v. Griffin*, 942 S.W.2d 289 (Ky. 1997). At that time, the statute limited the duration of probation: "Such period, with extensions thereof, shall not exceed five (5) years upon conviction of a felony."

In *Griffin*, a defendant had been granted probation. The nature of his crime required payment of restitution, which separate statutes[18] mandate for those placed on probation. During the statutorily permitted five years of probation, it became clear that the defendant would not pay all the restitution owed during the five-year probation period.

Instead of revoking the probation for the defendant's failure to make sufficient effort to pay the restitution, the circuit court extended the probation for another five years to allow the restitution to be paid and avoid revocation. The defendant asked for this extension to avoid incarceration. When the defendant failed again to make required restitution payments, the extended probation was revoked. *Id.* at 290-91. He then argued that his agreed-upon term of probation was illegal.

---

is required to evaluate the equities between the parties when exercising its discretion on a CR 60.02 motion. *See Commonwealth v. Bustamonte*, 140 S.W.3d 581 (Ky. App. 2004).

[18] *See* KRS 533.030(2); KRS 532.032.

-31-

The Court in *Griffin* explained that the circuit court did not lose subject matter jurisdiction by exceeding the statutory probation term limit; it was a matter of particular-case jurisdiction.[19] That defendant asked for and received a benefit; he avoided incarceration, one of the purposes of probation, by extending the probation. The Court held that the defendant was estopped to assert the loss of particular-case jurisdiction resulting from the unauthorized extension of probation. *Id*. at 291-92. The year after the *Griffin* decision, the General Assembly amended KRS 533.020(4) to adopt the rule announced in the specific circumstances of that case. The maximum term of probation remained at five years "or the time necessary to complete restitution, whichever is longer . . . ."

In 2013, the Kentucky Supreme Court confirmed that the General Assembly decides the length of probation. To order more than five years requires a court order under the post-*Griffin* version of the statute and requires a factual finding of necessity for more time to pay restitution.[20] *Commonwealth v. Wright*, 415 S.W.3d 606, 608 (Ky. 2013). "The legislative branch gets to set the maximum

---

[19] The Kentucky Supreme Court has recently emphasized and explained the rule that statutory provisions frequently impact only particular-case jurisdiction, not subject matter jurisdiction. *See Louisville Historic League, Inc. v. Louisville/Jefferson County Metro Government*, 709 S.W.3d 213 (Ky. 2025).

[20] There is no need to engage in a semantic debate over "extension" or "extending." The ordinary usage of the word includes an extension during a term or an extension from the beginning of a term. For example, restitution may be so large, that the trial court could find at the beginning of the probation that more than five years will be required and extend the term beyond five years.

length of all probationary periods, if it so chooses.  It has done so.  The judicial branch gets to set individual probationary periods, though it is bound by the limits set by the legislature." *Miller v. Commonwealth*, 391 S.W.3d 801, 806 (Ky. 2013).  To order probation beyond the maximum term allowed by statute implicates the separation of powers boundaries in our state constitution.

Yet these two cases from 2013 both cite *Griffin* approvingly.  The Court in *Miller* recognized the right of a defendant to waive the maximum time limit to avoid incarceration (and the concomitant cost to the state of that incarceration).  *Id*. at 805-06.  In *Wright*, the Court cited *Griffin* and summarized: "It is worth noting that even without a finding of necessity, a probationer may knowingly and voluntarily agree to an extension of probation beyond five years, *for example* to avoid revocation of probation."  415 S.W.3d at 611 n.3 (emphasis added).  Thus, the law at the time of the extension of probation in the present case allowed an agreed upon term of more than five years.[21]

It is at this point essential to identify an important difference in the law – the difference between an illegal *sentence* and an unauthorized probation term.  In *Stallworth v. Commonwealth*, 102 S.W.3d 918 (Ky. 2003), the defendant agreed

---

[21] This is not a case where a five-year term for probation as originally ordered expired and thus the trial court lost jurisdiction to revoke probation.  In such a case, a defendant could seek CR 60.02 relief.  *See Grundy v. Commonwealth*, 400 S.W.3d 752 (Ky. App. 2013).  *See also Conrad v. Evridge*, 313 S.W.3d 313 (Ky. 2010).  In the present case, Higgins agreed to the term ordered, and the revocation occurred during the agreed-upon term.

to double his sentence from ten years to twenty years as a condition for shock probation. Citing *Griffin*, the Court distinguished the case because the waiver to allow a longer probation term was not an "unauthorized sentence." *Id*. at 924. By contrast, "[a] longer **sentence** may not supply the *quid pro quo* for probationary release." *Id*. at 923 (emphasis added).

The law is clear that *sentences* cannot exceed statutory maximums. *See McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010). The issue of an illegal sentence cannot be waived and thus may be raised by a CR 60.02 motion. *Commonwealth v. Moore*, 664 S.W.3d 582, 590 (Ky. 2023). But probation terms are not a sentence. *See Tiryung v. Commonwealth*, 709 S.W.2d 454 (Ky. 1986). Probation has separate considerations as a method to avoid serving a legally imposed sentence.

Although *dicta* may suggest otherwise, the recent case of *Commonwealth v. Moreland*, 681 S.W.3d 102 (Ky. 2023), does not clearly prohibit a waiver of the maximum length of probation. In *Moreland*, the defendant agreed to a "split" sentence; he would serve ten years and then have a ten-year sentence probated for a period of ten years with the probation to begin after the service of the ten-year sentence. The Court in *Moreland* distinguished *Griffin* indicating that the problem was not the length of the probation: "Moreland is not challenging any

-34-

conditions of probation. He is challenging the imposition of probation in and of itself." *Id*. at 106.

The Court in *Moreland* may have intimated a more restrictive view of a length of probation beyond five years. It noted that the General Assembly had responded to the *Griffin* case by adding an exception only for restitution payment. The Court then said: "we will not . . . declare *Griffin* to have held something beyond what its facts and language clearly portend, and was understood by the legislature." 681 S.W.3d at 107. Yet, the *Moreland* decision does not overrule *Griffin* nor reject the statements made in the 2013 cases explaining it.

The Commonwealth argues that the Court in *Moreland* said that its decision did not apply to shock probation. *Id*. at 109. But this must be applied in context. Again, the real problem in *Moreland* was the illegal split sentence. Shock probation was excepted from the ruling because it is by its nature a permissible split sentence. The defendant is sentenced to serve and then, after shock probation is granted, probation starts for the time left on the sentence. That is a split sentence, and that was the reason for the comment. This again illustrates the difference between sentences and probation terms.[22]

---

[22] The first case to cite *Moreland* distinguished it by pointing out that a trial court may impose conditions not specifically authorized by statute, although that case did not involve a probation duration more than five years in length. *Commonwealth v. Ullman*, No. 2022-SC-0293-DG, 2024 WL 1709800, ___ S.W.3d ____ (Ky. Apr. 18, 2024).

Even with *Moreland*, *Griffin* remains the law, and, as a general proposition, *Griffin* permitted a defendant to agree to a term of probation beyond five years in duration. But, statutorily, it is an improper practice to order probation for a term in excess of the clear directive of the legislature on how long probation may last. It is better policy and practice to honor the General Assembly's direction and apply that limitation when evaluating whether release on probation should be granted in any given case. This will avoid the inevitable arguments later raised about the propriety of a defendant's agreement when revocation occurs years after the defendant has taken full advantage of the benefit of release from incarceration.

If a restriction of *Griffin* to only the permissible extension for restitution purposes was intended by *Moreland*, it is for the Kentucky Supreme Court to clearly say so in a case in which the ruling could not be argued as *dicta* and which would overrule any cases with indications to the contrary. But even assuming the impropriety of the extended probation term in this case, a separate procedural reason justifies rejecting Higgins's plea for relief under CR 60.02.

There is an orderly process for review in Kentucky. First is an appeal, then a motion under RCr 11.42, and then under CR 60.02, with CR 60.02 relief reserved for special circumstances justifying the extraordinary relief sought. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). If an argument could have been made through a prior step in this process but was not, it is waived.

Specifically, CR 60.02 may not be used to obtain relief if such relief could have been obtained by a direct appeal. *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017). *See also McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

Higgins arguably could have questioned the unauthorized nature of his probation term by direct appeal when the shock probation was granted. Of course, he would not be expected to appeal that decision since he had been given the release from incarceration he wanted. More problematic and I believe fatal to the CR 60.02 motion is the complete failure to raise the question of the circuit court's particular-case jurisdiction at the hearing on probation revocation followed by no appeal to challenge that decision.

Higgins accepted the benefit of an extended probation term and did not appeal the application of that term when he had an opportunity to do so. As in *Griffin*, Higgins is additionally estopped in these circumstances to complain about the extended term of his probation. The circuit court did not abuse its discretion in denying relief under CR 60.02. That rule is designed for extraordinary situations where concepts of equity compel relief from the judgment. That is not present here. The Henderson Circuit Court should be affirmed.

-37-

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky